**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06 - 094 S**

**ASHBEL T. WALL**, et al.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Juan G. Evora ("plaintiff"), *pro se*, an inmate lawfully confined at the Rhode Island Department of Corrections("RI-DOC"), Adult Correctional Institutions, filed a Complaint pursuant to 42 U.S.C. § 1983 and named as defendants officials or employees at the RI-DOC. Currently before the Court are the motions of the plaintiff for preliminary injunctive relief filed on March 22, 2006 and April 26, 2006 (Dckt # 6 & 13) pursuant to Fed.R.Civ.P. 65. Defendants have opposed the motions. These matters have been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that plaintiff's motions be denied. I have determined that a hearing is not necessary. See Campbell Soup Co., v. Giles, 47 F.3d 467, 469 (1st Cir. 1995)(An evidentiary hearing is not an indispensable requirement when a court allows or refuses injunctive relief under Fed.R.Civ.P. 65).

**Background**

In his Complaint, plaintiff alleges he was assaulted by

another inmate while in his cell in the Medium Security Unit. As a result, plaintiff suffered a broken nose, a broken eye socket, a laceration above his right eye, and an injury to his right shin. Ultimately, RI-DOC personnel transported the plaintiff to an outside medical facility for medical care. Plaintiff alleges that the correctional officers on duty in his confinement area were not at their posts when the assault occurred.

After receiving medical treatment, plaintiff alleges that RI-DOC personnel placed him in isolation. He then alleges that the RI-DOC conducted an investigation into the assault, wrongly concluding that the plaintiff was, as least in part, responsible for the altercation and sanctioned him accordingly. Plaintiff also alleges that criminal charges were filed against him but were ultimately dismissed. Plaintiff alleges that the other participant/assailant in the altercation was James Grilli, a member of the "Lost Boys" gang. Plaintiff alleges that RI-DOC personnel covered-up the matter because they dislike the plaintiff because he is Muslim.

Plaintiff filed suit seeking relief. He claims various violations of the First, Sixth, Eighth and Fourteenth Amendments as well as violations of state law. On March 22, 2006, and April 26, 2006, plaintiff filed <u>identical</u> motions for preliminary injunctive relief. In the motions, plaintiff alleges that he is in fear of a reprisal for filing the instant lawsuit from RI-DOC officials and seeks an order from the court enjoining the RI-DOC from lodging any

disciplinary charges against him and consequently, placing him in segregation. Plaintiff also seeks an order directing the RI-DOC to provide him with additional extra time in the law library.

**Discussion**

As the party moving for preliminary injunctive relief, the plaintiff bears the burden to demonstrate (1) the potential for immediate, irreparable injury; (2) the likelihood of success on the merits of the case; (3) the relevant balance of hardships if the injunction does not issue; and (4) the effect on the public interest of a grant or denial of the motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of the requirements necessitates a denial of the motion for preliminary injunctive relief.

In order to grant injunctive relief, the harm or potential injury cannot be speculative, and subjective apprehensions and predictions cannot establish an immediate threat of irreparable harm. See e.g. In Re Rare Coins of America, Inc., 862 F.2d 896, 901 (1st Cir.1988). Injunctive relief can not be granted against something merely feared as liable to occur at some indefinite time in the future. Connecticut v. Massachusetts, 282 U.S. 660, 674 (1930). Here, plaintiff alleges that he may be subjected to disciplinary charges at some indefinite time in the future or that he may be denied access to the law library at some unknown time. This unsubstantiated fear and speculation as to what may or may not

occur is insufficient to demonstrate immediate, irreparable harm necessary for this Court to issue a preliminary injunction.

Moreover, the order plaintiff seeks, at least in part, is contrary to public policy. Plaintiff seeks an injunction that would essentially prevent prison officials from charging the plaintiff with disciplinary infractions and sanctioning him accordingly. The Court will not give the plaintiff a free pass and permit him to misbehave without consequence. See Sandin v. Conner 515 U.S. 472, 486 (1995)("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of a sentence imposed...."). The RI-DOC may have legitimate reasons for sanctioning the plaintiff for committing misdeeds.

Additionally, with respect to the additional extra time plaintiff seeks in the law library, while an inmate has a constitutional right to access to the courts, Bounds v. Smith, 430 U.S. 817, 821 (1977), the RI-DOC may place reasonable restrictions on the plaintiff's access to the law library. Tuner v. Safely, 482 U.S. 78 (1987). Nothing has been presented that would demonstrate that the restrictions on the plaintiff are unreasonable, or that any non-frivolous legal claim has been frustrated or was impeded. Lewis v. Casey, 518 U.S. 343, 352-8 (1996).

**Conclusion**

Accordingly, for the reasons set forth above, I recommend that plaintiff's motions for injunctive relief filed on March 22, 2006

and April 26, 2006 (Dckt # 6 & 13) be denied. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b). Failure to file timely, specific objection to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
May 9, 2006