**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06-094 S**

**A.T. WALL, et al.**

**MOTION FOR RESTRAINING ORDER**
**AND/OR PRELIMINARY INJUNCTION**

Now come the Plaintiff, Juan G. Evora, Pro Se, pursuant to Federal Rule of Civil Procedure 65 (a)(1) and (b)(d) in the above entitled matter and prays the Honorable Court **GRANT MOTION FOR RESTRAINING ORDER and PRELIMINARY INJUNCTION.**

Plaintiff is Pro Se litigant and was housed in the Spectrum Recovery Academy Program. Who after the **PRETRIAL ORDER** pursuant to Rule 16 of the Federal Rules of Civil Procedure that was **ORDERED** By Deputy Clerk, and **ENTERED:** By Jacob Hagopian, Senior United States Magistrate Judge on the 23rd day of May, 2006. Did in fact without delay show the **PRETRIAL ORDER** in good faith to Spectrum Counselors Fran and Lindsey, last names unknown. Plaintiff's primary counselor is Fran, who is also the Assistant Director of Program. She gave Plaintiff an absence of leave until July 24th, 2006 to meet the requirements of **PRETRIAL ORDER.** Plaintiff was in single man cell able to litigate throughout the day, night, and midnight hours and not cuase any other hardship. Plaintiff was not a burden upon any other person nor the Program. In fact Plaintiff followed all requirements of the program with the utmost respect for all staff.

Defendants upon being served with the interrogatories then started their reprisal tactics, and had the Plaintiff removed out

of the program for the second time since the filing of the Civil Action Complaint. Which violates the Plaintiff's constitutional rights.

Plaintiff states the following facts for grounds for the Motions and Orders to be **GRANTED:**

**1.** Plaintiff goes before the Rhode Island Parole Board in September, 2006 and would have completed the program (Spectrum), which was part of the requirements of the parole board. Therefore highly had a likely chance of being paroled meeting the requirements of the parole board. By Defendants denying the Plaintiff the constitutional right, civil right, and legal right to rehabilitation in violation of the Rhode Island General Laws. The Plaintiff request the Motions and Orders be Granted.

Plaintiff has not been in any disciplinary problems that in any way warranted these actions of the Defendants. Defendants in fact show they acted in bad faith.

**2.** Plaintiff has a greater burden placed upon him living in a two man cell, then living in a single man cell. Plaintiff's due process rights are in part being hindered by the on going reprisal tactics of the Defendants. The Plaintiff will suffer more without an injunction than the prison officials will suffer if the injunction is granted.

**3.** Defendants have in fact removed two typewritters from the inmate law library to hinder Plaintiff from adequate access. In which is why Plaintiff request an order granting him the right to utilize one of the numerous typewritters the Defendants have in his cell. That way the Plaintiff will meet all required **PRETRIAL ORDER DEADLINES.**

4. Defendants threaten to bring disciplinary charges against Plaintiff if he does not return to Spectrum Recovery Academy when they in fact have due to reprisal against him. Already have removed him two times. This time he was in a single cell he was on waiting list for, for more then four months. Which allowed him to truly litigate his civil action case before the Honorable Court. Plaintiff request an order for a single cell and to be returned to the program of the Spectrum Recovery Academy.

Defendants on five (5) different occasions have in fact belittled the Plaintiff in a very degrading way that was negative and against the Code of Ethics and Conduct of DOC Policy. The Plaintiff still remained positive and gave the utmost respect so he would not be disciplined and denied access to the law library and Court that would cause him hardship.

In compliance with Federal Rule of Civil Procedure 65(a)(1) and (b)(d) are applicable. Due to Defendants reprisal tactics. The public interest is best served when all persons, including prisoners, enjoy unimpaired access to the courts. see **BOUND v. SMITH**, 430 U.S. 17 (1977).

5. The hardship Plaintiff suffers living in a two man cell, is that he has no place to write, no desk due to television being placed on desk in every cell. Plaintiff can not freely litigate throughout the day, afternoon, night, and mid-night hours, and not be a burden upon cell-mate. Who may/or may not be sleeping, watching television etc. within the cell. Defendants removed Plaintiff from a single man cell, out of program into a two-man cell in another module due to reprisal for the interrogatories Plaintiff filed.

**WHEREFORE** the Plaintiff prays this Honorable Court Grant the ORDER for **RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION.**

Plaintiff, Pro Se

Juan Evora

Juan G. Evora, Pro Se
P.O. Box 8274
Cranston, R.I. 02920

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06-094 S**

**A.T. WALL, et al.**

**MEMORANDUM OF LAW IN SUPPORT OF**

**MOTION FOR TEMPORARY RESTRAINING ORDER**

**AND PRELIMINARY INJUNCTION**

This is a civil action brought under 42 U.S.C. 1983 by a state prisoner whose nose was broken, right eye socket broken, and lacerations over right eye due to neglect of correctional officers. The Plaintiff seeks a temporary restraining order and preliminary injunction to ensure that Defendants do not keep on violating his civil rights, legal rights, and constitutional rights by filing fabricated reports, as part of the reprisal for the Plaintiff filing civil action complaint.

As stated in the motion submitted with this memorandum of law, the Plaintiff seeks an order to return him back into the Spectrum Recovery Academy Program, and into the single man cell Defendants removed him from in bad faith. Plaintiff would truly pray he can go on with the rehabilitation programs and his litigation. Plaintiff has not caused any disciplinary problems nor is he a burden to the program, and others.

The Defendants against whom relief is sought are, respectively, the prison Deputies, Superior Officers, Counselors, and Officers. Who are responsible for arranging rehabilitation treatment, cell assignment housing, and adequate access to law library,

The Plaintiff is experiencing continued reprisal, and denial of adequate access to legal materials where he cannot properly litigate civil action.

## ARGUMENT

## POINT I

## THE PLAINTIFF IS ENTITLED TO A TEMPORAY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the "balance of hardships" between the the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion.

**A. The Plaintiff is daily subjected to reprisal and threats** by some of the Defendants. Such conduct by prison officials is a clear violation of the Fourteenth and Eighth Amendments of the United States Constitution.

**B. Due Process of Law**

As a matter of law, the continuing deprivation of constitutional rights constitutes due process violations. The requirements of due process in a given type of case are determined by balancing three factors: how serious the deprivation is, how much good additional procedures are likely to do, and how expensive or difficult additional procedures would be for the officials who must carry them out. **Mathews v. Eldrige**, 424 U.S. 319, 335, 96 S. Ct. 843 (1976); **Turner v. Safley**; **Washington v. Harper**, 494 U.S. 210, 229, 110 S. Ct. 1028 (1990). This "balancing test" deter-

mines what due process requires, even if state law or prison regulations call for something different. **Cleveland Bd. of Educ v. Loundermill**, 470 U.S. 532, 541, 105 S. Ct. 1487 (1985); **Vitek v. Jones**, 445 U.S. 480, 491, 100 S. Ct. 1254 (1980).

In addiction, the Plaintiff is threaten with disciplinary actions being taken if he chooses to litigate his civil action case, with regards to Spectrum Program which is a Hobson's Choice offered by Defendants.

**C. The Plaintiff is likely to succeed on the merits.**

The Plaintiff has a great likelihood of success on the merits. What Defendants have done, are doing "intentionally" interfering with Plaintiff's due process rights are clearly done in "bad faith". **Stath v. Williams**, Ind. App., 367 N.E. 2d 1120, 1124

**D. The relief sought will serve the public interest.**

In this case, the grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law. Duran v. **Anaya**,642 F. Supp. 510, 527 (D.N.M. 1986) ("Respect for law, particularly by officials responsible for the administration of the state's correctional system, is in itself a matter of the highest public interest".);see also **Llewelyn v. Oakland County Prosecutor's Office**, 402 F. Supp. 1379, 1393 (E.D. Mich. 1975) ("the Constitution is the ultimate expression of the public interest").

## POINT II

## THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Usually a litigant who obtains interim injunctive relief is asked to post security. Rule 65 (c), Fed. R. Civ. P. However, the Plaintiff is an indigent prisoner and is unable to post

security. **Orantes-Hernandez v. Smith**, 541 F. Supp. 351, 358 n. 30 (C.D. Cal. 1982); **J.L. v. Parham**, 412 F. Supp. 112, 140 (D. Ga. 1976), rev'd on other grounds, 442 U.S. 584, 99 S. Ct. 2493 (1979). In view of the serious acts of bad faith of Defendants against Plaintiff, the Honorable Court should grant the relief requested without requiring the posting ofsecurity.

## CONCLUSION

For the foregoing reasons, the Honorable Court should grant the motion in its entirety.

Date: 6/14/06

Name: Juan G. Evora

Juan G. Evora, Pro Se

P.O. Box 8274
Cranston, R.I. 02920

Address: ____________________________

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN G. EVORA

v. C.A. No. 06-094 S

A.T. WALL, et al.

ORDER

Plaintiff's prayer for preliminary injunction and restraining order came on for hearing before

Honorable Justice ______________________________, on ____________,

after hearing it is hereby

ORDERED, AJUDGED and DECREED AS FOLLOWS:

1. Plaintiff's prayer for preliminary injunction and restraining order is hereby GRANTED. Defendant(s) is hereby restrained from interfering, molesting or contacting the Plaintiff until further order of this Court.

2. In compliance with federal Rule of Civil Procedure Rule 65 (a) and (b).

3. Provide Plaintiff typewriter to utilize in cell until trial is over.

4. Provide Plaintiff a single cell so not to cause himself or others a burden while litigating

ENTERED: BY ORDER:

____________________ ______________________

Plaintiff, Pro Se
By Pro Se,

Juan G. Evora, Pro Se
Medium Security Facility #1
P.O. Box 8274
Cranston, Rhode Island 02920

CERTIFICATION OF SERVICE
[ 28 U.S.C. 1746 ]

The undersigned hereby certifies that on this, 14 day of June , 2006, he mailed a true copy of the within legal motions to Micheal B. Grant, Deputy Chief Legal Counsel, Rhode Island Department of Corrections, 40 Howard Avenue, Cranston, Rhode Island 02920, Bar No. 3864.

Juan G. Evora, Pro Se