**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06-094 S**

**A.T. WALL, et al.**

**MOTION TO COMPEL**

Comes now the Plaintiff, Juan G. Evora, Pro Se, and moves this Honorable Court to compel Defendant(s), Ashbel T. Wall, to answer Interrogatories requested by Plaintiff. In support of this Motion, Plaintiff would show:

1. On the 31 day of May, 2006, Plaintiff after the commencement of the entitled action, served on the Defendant(s), Ashbel T. Wall, that were answered by Attorney Micheal B. Grant in this cause certain Interrogatories in writing pursuant to Rule 33 of Federal Rule of Civil Procedure.

2. Defendant objected to all Plaintiff's interrogatories on the grounds that it seeks information which is not likely to lead to admissible evidence, and as to its form.

Defendant refused to answer the Interrogatories and has presented insufficient grounds for his failure to provide answers.

**WHEREFORE**, Plaintiff moves this Honorable Court for an Order requiring Defendant(s), Ashbel T. Wall to answer his Interrogatories within five (5) days of service date of said Order, and, providing that if said Defendant(s) in the above cause pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Date: 6/19/06

Respectfully Submitted:

Juan G. Evora, Pro se

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06-094 S**

**A.T. WALL, et al.**

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**

**TO DEFENDANT'S MOTION FOR OBJECTION TO INTERROGATORIES**

Plaintiff, Juan G. Evora respectfully submits this Memorandum of Law in Opposition to Defendant(s) Motion for Objection to Interrogatories.

**PRELIMINARY STATEMENT**

On the 31 day of May, 2006, Plaintiff after the commencement of the entitled action, served on Attorney Michael B. Grant in this cause certain Interrogatories in writing pursuant to Rule 33 of Federal Rule of Civil Procedure.

**STATEMENT OF FACTS**

Plaintiff, Juan G. Evora on the 31st day of May, 2006 submitted Intorrogatories to Defendant(s), Ashbel T. Wall that was pertinent to the malicious prosecution, malicious motive, fabricated evidence, fabricated fact, and misrepresentation by Ashbel T. Wall, Defendant, and his subordinates (i.e. Defendants).

That Defendant, Ashbel T. Wall, should have in good faith answered the pertinent questions in the inerrogatories, by the Defendant(s) not answering the questions in the interrogatories being elusive shows bad faith in the Defendants.

The Defendant, Ashbel T. Wall has been elusive of the best evidence rule. Rule which requires that the best evidence available be presented in lieu of less satifactory evidence, "that being the video security surveillance tapes of F-Right Module on October 7, 2005." **People v. Banks**, Colo. App., 655 P. 2d 1384, 1387. This rule prohibits the introduction into evidence of secondary evidence unless it is shown that original document has been lost or destroyed or is beyond jurisdiction of court without fault of the offering party; if original document is lost, the secondary evidence is properly admissible. **State v. Stephens**, Mo. App., 556 S.W. 2d 722, 723. Fed. R. Evid. 1002 states the basic rule as follows. "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress".

## ARGUMENT

Rule 33 (c) Scope; Use at Trial. Interrogatories to Parties Fed. R. Civ. P. 33(c) Clearly States: That interrogatories may relate to any matters which can be inquired into under under Rule 26 (b) (1), and the answers may be used to the extent permitted by the rules of evidence.

An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or unitl a pretrial conference or other later-time.

3 Evidence need not be admissible to be relevant, and thus discoverable. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984); Klein v. AIG Trading Group Inc. 228 F.R.D. 418 (D. Conn. 2005); Bruggeman ex rel. Bruggeman v. Blagojevich, 219 F.R.D. 430, 432 (N.D. Ill. 2004).

Due to Punitive Damages, Defendants are acting in bad faith by not answering the interrogatory questions. Under punitive damages Plaintiff can be awarded actual damages when the Defendants acted with recklessness, malice, or deceit; specif., damages assessed by way of penalizing the wrongdoer or making an example to others. Punitive damages, ..., are intended to punish and thereby deter blameworthy conduct...

4

**BAD FAITH**

1. Defendants failed to provide the video security surveillance tapes of F-Right Module on the 7th day of October, 2005.

2. Rhode Island General Laws 13-8-23. Agencies required to provide reports to parole board.-(3) The aatorney general's department, which shall supply to the board a written report of its recommendation concerning the current application for parole. The report shall set forth in detail the reason or reasons why the articular inmate, given his or her criminal history and the circumstances surrounding his or her offense, should or should not be paroled. The department shall also consult the trial judge in the case to determine if he or she may wish to make any comment or recommendation; and if requested by the board, the department shall have one of its attorneys present at the board hearings to elaborate on the attorney general's recommendation as to parole of the inmate;

In spite of inmate Grilli's actions and how his criminal acts relate to the directives delineated in § 13-8-23(3) the department of corrections supplied the department of attorney general's with false information so as to allow Grilli to be paroled in furtherance of the conspiracy to insulate DOC Defendants from punitive damages.

3. By downplaying the extent of Plaintiff's injuries via falsification of reports given to Rhode Island State Police by the Department of Corrections namely David Baptista and Linda Rose DOC kept the investigation in house and not external.

4. Director Wall failed to comply with the following Rhode Island General Laws § 42-56-10(2)(15)(16) Powers of the director, Investigate grievances and inquire into alleged misconduct within the department of corrections (i.e. David Baptista and Linda Rose's fabricated reports of the investigation). When he informed Plaintiff in his October 24, 2005 letter that he would decline to investigate grievances against DOC personell and lack of procedure for immediate access to attorney when inmate who has been battered is being locked up in isolation/segregation.

Director failed to maintain adequate records of persons committed to the custody of the department. (i.e. filed false records and reports to attorney general's office). Rhode Island General Laws § 13-8-23, Agencies required to provide reports to parole board. The Rhode Island Parole Board should have been notified of the felony assault and battery seriously bodily injuries R.I.G.L. § 11-5-2-(c)(2).

To answer any and all interrogatories submitted by Plaintiff to all the Defendants under the power and control of Ashbel T. Wall, Director in good faith will be pertinent to prove the conspiracy of the cover-up of neglect of the Defendants. To be elusive is an act of bad faith.

6

The Supreme Court has held that three guidelines help determine whether a punitive-damages award violates constitutional due process: (1) the reprehensibilty of the conduct being punished; (2) the reasonableness of the relationship between the harm and award; and (3) the difference between the award and the civil penalties authorized in comparable cases. **BMW of North America, Inc. v. Gore**, 517 U.S. 559, 116 S. Ct. 1589 (1996).

**Federal Rule of Civil** Procedur **Rules of** Evidence, **Rule** 406 **Habit; Routine Practice:** Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

**Federal Rules of Civil Procedure, Rule 26 (b) (1)** states that relevant inadmissible evidence is discoverable if its "reasonably calculated to lead to the discovery of admissible evidence". **Glover v. South Carolina Law Enforcement Division**, 170 F. 3d 411 (4th Cir. 1999), cert. dism'd, 528 U.S. 1146, 120 S. Ct. 1005, 145 L. Ed. 2d 1065 (2000). Conversely, admissible evidence is almost always discoverable. **Terwilliger v. York Int'l. Corp.**, 176 F.R.D. 214, 218 (W.D. Va. 1997).

"Although compensatory damages and punitive damages are typically awarded at the same time by the same decisionmaker, they serve distinct purposes. The former are intended to redress the concrete loss that the Plaintiff has suffered by reason of the Defendant (s) wrongful conduct. The latter, which have been described as 'quasi-crimnal', operate as 'private fines' intended to punish the Defendant and deter future wrongdoing. A jury's assessment of the extent of a Plaintiff's injuries is essentially a factual determination, whereas its imposition of punitive damages is an expression of its moral condemnation." **Cooper Indus. v. Leatherman Tool**, 532 U.S. 424, 432, 121 S. Ct. 1678, 1683 (2001).

## CONCLUSION

For the foregoing reasons, Defendant(s) Motion A.T. Wall's Response To Plaintiff's Interrogatories. Defendant(s) should be compelled to answer all pertinent questions in Plaintiff's interrogatories.

Date: 6/19/06 Respectfully Submitted: Juan Evora
Juan G. Evora, Pro Se

Plaintiff, Pro Se
By Pro Se,

Juan G. Evora, Pro Se
Medium Security Facility #1
P.O. Box 8274
Cranston, Rhode Island 02920

## CERTIFICATION OF SERVICE
[ 28 U.S.C. 1746 ]

The undersigned hereby certifies that on this, 19 day of June , 2006, he mailed a true copy of the within legal motions to Micheal B. Grant, Deputy Chief Legal Counsel, Rhode Island Department of Corrections, 40 Howard Avenue, Cranston, Rhode Island 02920, Bar No. 3864.

Juan G. Evora, Pro Se