**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06-094 S**

**A.T. WALL, et al.**

**PLAINTIFF'S OBJECTION TO**

**DEFENDANTS OBJECTION TO**

**PLAINTIFF'S MOTION TO COMPEL**

Now comes Plaintiff, Juan G. Evora, Pro Se, and hereby objects to Defendants motion to object to Plaintiff's motion to compel answering to interrogatories as and for the reasons proffered in the accompanying Memorandum of Law.

Date: July 3, 2006

By: Plaintiff, Pro Se

Juan G. Evora

Juan G. Evora, Pro Se
P.O. Box 8274
Cranston, R.I. 02920

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06-094 S**

**A.T. WALL, et al.**

## MEMORANDUM OF LAW

Defendants are elusive in answering pertinent questions that in fact lead to exculpatory, and tangible evidence that can be used at trial. All questions the Plaintiff asked in the form of interrogatories had been in regards to Department of Corrections Policy and Procedures, and Code of Ethics And Conduct of Employees. Defendants object to the form of the Pro Se Plaintiff. see **Haines v. Kerner**, 404 US 519, 30 L Ed 2d 652, 92 S Ct 594. The United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawers.

Date: July 3, 2006

By: Plaintiff, Pro Se

Juan G. Evora

Juan G. Evora, Pro Se
P.O. Box 8274
Cranston, R.I. 02920

Plaintiff, Pro Se
By Pro Se,

Juan G. Evora, Pro Se
Medium Security Facility #1
P.O. Box 8274
Cranston, Rhode Island 02920

## CERTIFICATION OF SERVICE
[ 28 U.S.C. 1746 ]

The undersigned hereby certifies that on this, 3 day of July, 2006, he mailed a true copy of the within legal motions to Micheal B. Grant, Deputy Chief Legal Counsel, Rhode Island Department of Corrections, 40 Howard Avenue, Cranston, Rhode Island 02920, Bar No. 3864.

Juan G. Evora, Pro Se