**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06-094 S**

**A.T. WALL, et al.**

**PLAINTIFF'S OBJECTION TO DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION FOR A RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Now come the Plaintiff in the above-entitled matter and hereby object to the Defendants motion objecting to Plaintiff's motion for a restraining order and/or preliminary injunction as and for the reasons proffered in the accompanying Memorandum.

**Dated:** 6/30/06

Plaintiff

By Pro Se

Juan G. Evora, Pro Se
P.O. Box 8274
Cranston, R.I. 02920

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06-094 S**

**A.T. WALL, et al.**

**MEMORANDUM**

Plaintif has in fact been subjected to multiple threats by the Defendants of being barred from law library, placed in segregation by first shift library officer Chamberlind, and the two CL-Module officers.

Defendants failed to submit the attached affidavit filed by Carolyn Ramano. Wherefore Plaintiff has no knowledge of any such Affidavit of Carolyn Ramano, therefore Plaintiff cannot properly respond. The only letter from Spectrum Staff came from Mr. Larry McDonald, Coordinater of Substance Abuse R.I.D.O.C. dated June 15, 2006 in response to Plaintiff's letter dated June 14, 2006 to Mr. McDonald addressing the wrongs committed upon him.

**While it is correct Plaintiff will be returning to the Spectrum Program CL-Module Medium Security on July 8, 2006 as he was informed upon the 27 day of June, 2006. At no time ever did Plaintiff request to be removed from Spectrum Program CL-Module.**

Plaintiff submits in support of facts the following letters:

(1) Letter dated May 18, 2006 from Michael B. Grant Defendants attorney addressed to Plaintiff regards to not writing to the Honorable Jacob Hagopian, U.S. Senior Magistrate Judge;

(2) Letter dated June 14, 2006 from Plaintiff addressed to

Larry McDonald, Coordinator of Substance Abuse R.I.D.-O.C. regrading the wrongful acts committed by malicious motive upon the Plaintiff;

(3) Letter dated June 15, 2006 from Defendants attorney Michael B. Grant regarding ltters from Plaintiff already mailed twice to Defendants;

(4) Letter dated June 15, 2006 from Larry McDonald, Coordinator of Substance Abuse R.I.D.O.C. responding to the Plaintiff's letter dated June 14, 2006 addressed to Mr. McDonald.

(5) Letter dated June 29, 2006 to Larry McDonald, Coordinator R.I.D.O.C. responding to his letter dated June 15, 2006 addressed to Plaintiff;

(6) Rhode Island Department of Corrections Rap Sheet ( that shows all Plaintiff's move from module to module).

Plaintiff prays the Honorable Court sees the actions of the Defendants as "bad faith" and for what it is,reprisal against the Plaintiff. Defendants keep submitting fabricated facts to the Court in bad faith. They do not respond to pertinent motions for discovery of documents and interrogatories, which it should be a clear sign that the Defendants are acting in bad faith due to the Plaintiff being Pro Se. Plaintiff follows all rules and has not had any disciplinary infraction in almost two years, other then the fight that was truly a crime of actual assault and battery serious bodily injuries resulting, the Defendants cover-up was in fact an act of misprison of felony, Defendants inspite of the inmate James Grilli crime committed upon Plaintiff gave him parole. Defendants had full knowledge of the felony crime committed and

did with full knowledge conspire to cover-up the felony assault and battery serious bodily injuries resulting Rhode Island General Laws § 11-5-2(c)(2), (c) "Serious bodily injury" means physical injury that: (2) Causes protracted loss or impairment of the function of any bodily part, member or organ: or... Therefore the Defendants already have shown bad faith and this bad faith is on going, when the Defendants have in fact committed the crime of "misprison of felony" and knowingly conspired to cover up the felony crime committed against the Plaintiff in violation of the Rhode Island General Law statute § 11-1-1. Common law offenses not covered by statute.- Every act and omission which is an offense at common law, and for which no punishment is prescribed by the general laws, may be prosecuted and punished as an offense at common law. Every person who shall be convicted of any offense which is a midemeanor at common law shall be imprisoned for a term not exceeding one year or be fined not exceeding five hundred dollors ($500). Every person who shall be convicted of any offense which is a felony at common law shall be imprisoned for a term not exceeding five (5) years or be fined not exceeding five thousand dollors ($5,000).

False evidence, The willful misleading of a court by the production of false evidence may be prosecuted as a common law offense. **State v. Horton**, 47 R.I. 341, 133 A. 236 (1926).

Misprison of felony is an indictable offense. **State v. Flynn** , 100 R.I. 520, 217 A.2d 432(1966), cert. denied, 101 R.I. 774, 225 A.2d 668 (1967).

Conspiracy, Rhode Island follows the common-law rule of conspiracy, which punishes the combination of two or more persons to commit an unlawful purpose. **State v. Brown**, 486 A.2d 595 (R.I. 1985). A conspiracy continues as long as its purposes have neither been abandoned nor accomplished. **State v. Brown**, 486 A.2d 595 (R.I. 1985). **"It is transparent that the Defendant are in fact still conspiring against the Plaintiff to cover-up the act they commited, the act being "misprison of felony".**

Plaintiff avers that the Defendants are and will keep acting in bad faith to hinder the Plaintiff if the motions are not granted, restraining order and/or preliminary injunction, and order to place Plaintiff back in the Spectrum Program under the same status he was removed from due to reprisal of Defendants.

The Affidavit submitted by Carolyn Ramano is contrary to the letter submitted to Plaintiff by Larry McDonald. Therefore Plaintiff truly believes the Affidavit was done in deceit and not done in good faith.

Plaintiff entered into a contract with the Spectrum Program as the Spectrum Program entered into the binding agreement of the contract also. If the Plaintiff violated the terms of the contract he would have in fact faced disciplinary sanctions. "No one of the inmate population can leave the program until the completetion of the program. Or that inmate will be disciplined for his refusing to participate on in the program, and violating the rule of the program and contract". The staff in fact violated the rule of the Rhode Island General Laws, and Rhode Island Court Rules in that that they knowingly violated the (22) **Confidentiality of Drug Abuse Reporting System. G.L.R.I. § 21-28.3-2, and 21-28.3-2.**

Confidentiality was violated by the Spectrum staff who also is a DOC Employee that being Larry McDonald. The conflict of interest there was cover-up also. See Plaintiff's letter addressed to Mr. McDonald. Information was given to the Defendants in violation of the confidentiality of the contract of the Spectrum Program. That is why the Defendants truly had the Plaintiff remove to hinder his due process rights, by hindering his litigation. As the Honorable court and Magistrate Judge can see by motions and other other documents submitted to the court by Plaintiff. That the Plaintiff in fact was responding with due diligence to all the Courts Pretrial Orders. The Defendants have not done the same out of bad faith.

It is transparent that there is no disciplinary infractions or sanctions taken against the Plaintiff, which proves the Plaintiff did not violate any Rules of the Spectrum Program. That in fact the Defendants on going reprisal warrants the restraining order and/or preliminary injunction, and order to have Plaintiff placed backin the program under the same status he was removed from.

Plaintiff has not in any shape form or way been a problem to the R.I.D.O.C., nor is he looking for any free pass from being disciplined, he has abided by all of the rules and regulations of the Department of Corrections. He seeks and prays to be protected from reprisals from the Defendants. The reprisal that in fact had escalated after the interrogatories of the Plaintiff asking pertinent questions in regards to personal television in violation of DOC Policy, and Code of Ethics of DOC.

**WHEREFOR** the Plaintiff prays this Honorable Court Grant the

Order for Restraining Order And/Or Preliminary Injunction. The Order pLacing Plaintiff back into single cell so he can freely litigate the case bebore the Court, and not be a burden while he is in fact litigating through the night and early AM hours.

Dated: 6/30/06

By: Plaintiff Pro Se,

Juan Evora

Juan G. Evora, Pro Se
P.O. Box 8274
Cranston, R.I. 02920

Plaintiff, Pro Se
By: Pro Se,

Juan G. Evora, Pro Se
Medium Security Facility #1
P.O. Box 8274
Cranston, Rhode Island 02920

CERTIFICATION OF SERVICE
[ 28 U.S.C. 1746 ]

The undersigned hereby certifies that on this, 30 day of June, 2006, he mailed a true copy of the within legal motions to Micheal B. Grant, Deputy Chief Legal Counsel, Rhode Island Department of Corrections, 40 Howard Avenue, Cranston, Rhode Island 02920, Bar No. 3864.

Juan G. Evora, Pro Se