STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel: (401) 462-2622
Fax: (401) 462-2583
TDD: (401) 462-5180

May 18, 2006

Juan Evora
P. O. Box 8274
Cranston, R. I. 02920

Re: **Evora v. Wall, C. A. No. 06-094 S**

Dear Mr. Evora:

I am in receipt of your motion for extension of time regarding telephonic pre-trial conference. Please be advised that Judge Hagopian's office has contacted me requesting that I contact you to let you know that you need not file any type of written statement to Judge Hagopian before the pre-trial conference, which is scheduled for next week. Thus, the Judge does not need anything in writing from you before the conference, and simply wants you to participate orally in the conference next week. Since you need not file anything in writing with Judge Hagopian before the hearing next week, you need not make any photocopies, and therefore you should not miss any of your classes that you are currently enrolled in with respect to the Spectrum Health Systems program. You will not be affected, because you are no longer required to submit anything in writing to Judge Hagopian prior to the conference.

Very truly yours,

Michael B. Grant
Deputy Chief Legal Counsel

MBG:c

Juan G. Evora, Pro Se
P.O. Box 8274
Cranston, R.I. 02920

Larry McDonald, Program Diretor
Medium Security Facility #1
P.O. Box 8274
Cranston, R.I. 02920

June 14, 2006

Re: Juan G. Evora v. A.T. Wall, et al. C.A. No. 06-094S

Dear Mr. McDonald:

I write this letter to you with the utmost respect, for you and staff of Spectrum Program. This letter is in good faith, not done in bad faith.

As you are employed by A.T. Wall, Director of the R.I. Department of Corrections. Has me in fact questioning your official ethical reasons you, or you allowed me to be moved out of the Spectrum Recovery Academy in Medium Sec. Facility #1, C-Right cell-30. So please explain to me in detail if the act was done in "good faith" or "bad faith"?

My primary Counselor Fran informed me, I would be allowed to take leave until July 24, 2006 to litigate my case pro se. That I would in fact remain in the one-man Single cell in CL-Module cell-#30. On June 12, 2006 you gave direct orders to remove me from program. Was this a result of civil action federal Complaint filed

against the R.I. Department of Corrections? I also want to know if the civil action federal complaint has caused a conflict of interest, being that you are employed by R.I. Department of Corrections?

I now want to know why the confidentiality of my rights under R.I.G.L. Rule 501 have been violated by Spectrum Recovery Academy Directors, and Assistant Directors informing the Defendants I filed civil action Complaint against. Things that are confidential and are protected under R.I.G.L. Rule 501 Confidentiality. Which violates R.I.G.L. 36-14-5, Code of Ethics for R.I. State Employees, and 3.14-1 DOC Code of Ethics

a. Civil Rights of Offenders

(1) Staff shall protect the civil rights, and legal rights of each member of the offender population.

Wherefore I am requesting the unjust action be fully corrected, and I be placed back in program and single cell. Thank you for your time.

Respectfully, Juan G. Evora
Juan G. Evora, Pro Se

cc. file
Micheal B. Grant
Jacob Hagopian, Senior U.S. District Judge.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

Department of Corrections
OFFICE OF LEGAL COUNSEL
40 Howard Avenue
Cranston, R.I. 02920
Tel: (401) 462-2622
Fax: (401) 462-2583
TDD: (401) 462-5180

June 15, 2006

Juan Evora
P. O. Box 8274
Cranston, R. I. 02920

Re: Letter dated May 23, 2006, 06-094 S

Dear Mr. Evora:

Please be advised that I am in receipt of your letter dated May 23, 2006. You indicated in your letter that you enclosed copies of letters that you sent to Director Wall on October 18, 2005 and November 1, 2005, and to Warden Whitman on October 26, 2005 and to Robert Catlow on December 19, 2005. Please be advised that the only enclosure with your May 23rd letter was a copy of your complaint in Civil Action No. 06 94 S. I asked you for copies of actual letters that you sent to administrators regarding a request for surveillance tapes. Please advise why I did not receive copies of those letters.

Also, in your May 23, 2006 letter, you have made a request from the Defendants for certain documents and information. Please be advised that pursuant to the rules, you must make a formal request in a separate document when you are seeking documents or other tangible things or materials from a party opponent.

Very truly yours,

Michael B. Grant
Deputy Chief Legal Counsel

MBG:c

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
INTER OFFICE MEMO

TO: JUAN EVORA
MDIUM SECURITY ER-20T
CORRECTIONS

FROM: LARRY MCDONALD
COORDINATOR OF SUBSTANCE ABUSE
CORRECTIONS

DATE: 15 JUNE 2006

SUBJECT: RESPONSE TO LETTER

I am in receipt of your convoluted letter. I review of your record indicates that you have been in the CL unit since 12-02-05. You left twice 04-13-2006 and 05-06-2006. I cannot keep space in the CL unit open for individuals who are actively involved in the unit. Once your suppose legal work is over, you can reapply to the Spectrum program. The decision to move you was my decision based on the needs of the treatment program.

"INPREPARATION OF LITIGATION"

Juan G. Evora, Pro Se
P.O. Box 8274
Cranston, R.I. 02920

Larry McDonald
Coordinator of Substance Abuse
R.I. Department of Corrections
P.O. Box 8274
Cranston, R.I. 02920

June 29, 2006

Re: Juan G. Evora v. Ashbel T. Wall, et al., C.A. No. 06-094 S

Dear Mr. McDonald:

I send this letter of response with the utmost respect. You sated that my letter was convoluted. Allow me to be more clear in presenting the facts of my civil and legal rights that have been violated. The attached exhibit of the R.I.D.O.C. Rap Sheet will clearly show all moves done had not been of my own choice. Fact is I was given a "Hobson's Choice" therefore you statement in the letter you mailed me is incorrect. I did not leave twice of my own free will. You stated: "You left twice 04-13-2006 and 05-06-2006. I cannot keep space in the CL unit open for individuals who are not actively involved in the unit". On the 28th day of May, 2006 Robert Dodge went to segregation for 10-days for fighting in the Spectrum Program CL-unit, and Raymond McCoy , McCoy is serving 90-days segregation. My point is that disciplinary action is taking and all, a place was reserved for Robert Dodge. I have no disciplinary infraction, my moves have all been done due to the reprisal thats on going for the Federal Civil Action Complaint I file in the United States District Court of Rhode Island. So I am respectfully requesting to be put back in the program that you in fact had removed for no reason, in the program. I request to be placed back on the same status as I left in before the reprisal.

There are more inmates who came out of segregation and have not lost there place in the Spectrum Program. That have had disciplinary infraction sanctions taking and found guilty of them.

The exhibit of the R.I.D.O.C. Rap Sheet will show the move Lt. Duffy inforced under the Hobson's Choice upon me on the 13th of April, 2006 reprisal due to civil action complaint that he is a defendant of. That on the 6th day of May, 2006 the security locking system in control center and cell doors required repairing, again Lt. Duffy had me moved out of the CL-unit.

The information you received was due to misrepresentation, malicious motive, and fabricated facts.

**WHEREFORE** I am respectfully requesting to be returned back to program and same status I left in. I also pray that you can help regarding the on going reprisal tactics, even if it means I test out early.

Respectfully, *Juan G. Evora*
Juan G. Evora, Pro Se

cc. file
Jacob Hagopian, U.S. Magistrate Judge
Attorney Michael B. Grant, R.I.D.O.C.

RAP SHEET

ID: 075069 SECURITY: MEDIUM
NAME: EVORA JUAN G [redacted]

| DATE | CODE | TABLE | DESCRIPTION | | | | |
|---|---|---|---|---|---|---|---|
| 01/06/2006 | 10 | COURT APPEAR | 61060473 ADDED | | | | |
| 01/20/2006 | 10 | COURT APPEAR | 61060473 UPDATED | | | | |
| 02/10/2006 | 10 | COURT APPEAR | 61060473 RELEASED ON CASE | | | | |
| 03/07/2006 | 06 | TRANSFER | MED CMODL | 15B | - | MED CMODL | 15T |
| 03/17/2006 | 06 | TRANSFER | MED CMODL | 15T | - | MED CMODL | 01T |
| 03/20/2006 | 06 | TRANSFER | MED CMODL | 01T | - | MED CMODL | 15T |
| 03/30/2006 | 12 | COMMENT | 1 DAY MERITORIOUS TIME AWARDED | | | | |
| 04/13/2006 | 06 | TRANSFER | MED CMODL | 15T | - | MED FMODL | 24T |
| 04/14/2006 | 06 | TRANSFER | MED FMODL | 24T | - | MED CMODL | 15T |
| 04/28/2006 | 06 | TRANSFER | MED CMODL | 15T | - | MED CMODL | 30 |
| 05/06/2006 | 06 | TRANSFER | MED CMODL | 30 | - | MED EMODR | 11T |
| 05/08/2006 | 06 | TRANSFER | MED EMODR | 11T | - | MED CMODL | 30 |
| 06/12/2006 | 06 | TRANSFER | MED CMODL | 30 | - | MED EMODR | 18T |
| 06/12/2006 | 06 | TRANSFER | MED EMODR | 18T | - | MED EMODR | 20T |