UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN G. EVORA

v. C.A. No. 06-094 S

A.T. WALL, et al.

PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE AND DISCOVERY FROM DEFENDANTS

Comes now the Plaintiff, Juan G. Evora, Pro Se, and moves this Honorable Court to compel Defendants, Ashbel T. Wall, et al. to answer Plaintiff's Request For Production of Documents, and to submit Disclosure to Plaintiff. In support of this Motion, Plaintiff would show:

1. On the 29 day of May, 2006 Plaintiff after the commencement of the entitled action, served on the Defendants Attorney Michael B. Grant, Deputy Chief Legal Counsel in this certain request for production of documents pursuant to Federal Rule of Civil Procedures Rule 34(a)(1), Rule 26(b)(2), 26(a)(1)(2)(E), and Rules 702, 703, or 705 of the Federal Rules of Evidence.

2. Defendants failed to answer and or rspond to the Plaintiff's Request for Production of Documents, and failed to comply with Initial Disclosures as set forth by Rule 26(a)(1)(E) Federal Rule of Civil Procedures, and Rule 34(a)(1), Rule 26(b)(2), Rule 26(a)(1)(2)(E), Rule 34(a)(b), and Rules 702, 703, or 705 of the Federal Rules of Evidence.

3. Pusuant to Federal Rule Rule 37, Failure to make disclosure or cooperate in discovery: Sanctions under Rule 37(a)(1), and (2) Motion. (A) If a party fails to make disclosure required by Rule 26(a), any other party may move to compel disclosure and

for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attemped to confer with the party not making the disclosure in an effort to secure the disclosure without court action. see Exhibits of the attached letters requesting disclosure and request for production of documents, that Plaintiff mailed to Defendants and the Honorable Court already. (3) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond.

(c) Failure to Disclose; False or Misleading Disclosure; refusal to Admit. (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26 (e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

4. This motion is pursuant to Rule 37(a), Motion For Order Compelling Disclosure of Discovery Plaintiff requested from the Defendants on the 29 of May 2006.

Plaintiff not only submitted the letters requested by the Defendants attorney to the Defendants May 23, 2006, and on June 8 , 2006 Minimal Factual Discovery was sent to the Defendants, all Defendants had to do regarding the letters was see the Exhibit List enclosed with the Discovery package.

Exhibit list will show the Defendants where they can find the afore mentioned letters. The same letters Defendants provided the Public Defender, Michelle M. Alves with, Rhode Island State Police, and Attorney General's Office with.

(5) Defendants failure to provide initial discovery, and answer Plaintiff's Request For Production Of Documents and has presented insufficient grounds for the failure to provide answers to initial discovery, and production of documents.

**WHEREFORE,** Plaintiff moves this Honorable Court for and ORDER compelling Defendants to comply with the Plaintiff's Requset For Production Of Documents within five (5) days of service date of said ORDER, and, providing that said Defendants in the above cause pursuant to Rule 55(a) of the Federal Rules of Civil Procedures.

Date: July 3, 2006

Respectfully Submitted:

Juan Evora
Juan G. Evora, Pro Se
P.O. Box 8274
Cranston, R.I. 02920

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN G. EVORA

v. C.A. No. 06-094 S

A.T. WALL, et al.

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL REQUEST FOR PRODUCTION OF DOCUMENTS FROM DEFENDANTS

Plaintiff, Juan G. Evora respectfully submits this Memorandum of Law in Support of Plaintiff's Motion to Compel Request for Production of Documents from Defendants.

## PRELIMINARY STATEMENT

On the 29th day of May, 2006 Plaintiff after the commencement of the entitled action, served on attorney Michael B. Grant in this cause certain requset for production of documents pursuant to Fed. R. Civ. P. Rule 26(a)(1)(2)(E), Rule 34(a)(1)(2)(b), Rules 702, 703, or 705 of the Federal Rules of Evidence.

## STATEMENT OF FACTS

Plaintiff, Juan G. Evora on the 29th day of May, 2006 Submitted Plaintiff's Request For Production of Documents to the Defendants attorney Michael B. Grant, Deputy Chief Legal Counsel. The Plaintiff avers the Requested production of documents are pertinent to prove the malicious motive, fabricated evidence, fabricated fact, and misrepresentation by Ashbel T. Wall, et al. Defendants (subordinates).

The Defendant(s) Ashbel T. Wall, et al., should have in good

faith produced the pertinent documents requested. By the Defendants not producing the pertinent documents shows they are acting in bad faith. Defendants have been very elusive since October 7, 2005 covering up the crime of felony assault and battery serious bodily injuries resulting, the Defendants actions are an act of misprison of felony.

The Defendant(s) Ashbel T. Wall, et al., all have been elusive of the best evidence rule. Rule which requires that the best evidence available be presented (i.e. video security surveillance tape recording of the two over-head cameras in F-Right Module in Medium Security Facility #1 on the 7th day of October, 2005) in lieu of less satisfactory evidence. It is clear that the best evidence is the video security surveillance tape from the two over-head cameras in F-Right Module on the date of October 7, 2005 that shows the crime of assault and battery being committed. The disciplinary board hearing tapes of Juan G. Evora and James Grilli's disciplinary hearing will prove that Grilli entered into Plaintiff's cell, video security surveillance will show he attacked Plaintiff from behind, this attack caused the serious bodily injuries, which is felony assault and battery of the Rhode Island General Laws § 11-5-2 (c)(2). **People v. Banks**, Colo. App., 655 P. 2d 1384, 1387. This rule prohibits the introduction into evidence of secondary evidence unless it is shown that original document has been lost or destroyed or is beyond jurisdiction of Court without fault of the offering party; if original document is lost, the secondary evidence is properly admissible. **State v. Stephens**, Mo. App., 556 S.W. 2d 722, 723. Fed. R. Evid. 1002 states the basic rule as follows. "To prove the content of writing, record-

ing, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or Act of Congress".

Defendants are withholding, and or destroying evidence, that is exculpatory in nature that is pertinent to prove crime of the felony assault and battery serious bodily injuries resulting, the statute is R.I.G.L. § 11-5-2(c)(2);

(c) "Serious bodily injury" means physical injury that:

(1) Creates a substantial risk of death;

(2) Causes protracted loss or impairment of the function of any bodily part, member or organ; or

(3) Causes serious permanent disfigurement or circumcises, excises or infibulates the whole or any part of the labia majora or libia minora or clitoris of a person.

Inspite of the crime of felony committed upon the Plaintiff by James Grilli. The Defendants have in fact given James Grilli the known assailant of the Plaintiff parole. The Defendants had the Plaintiff criminally charged with simple assault upon James Grilli, malicious motive that led to malicious prosecution, all due to the Defendants misrepresentation of fabricated evidence, and fabricated facts. Requested evidence will prove this, thats the reason Defendants are acting in bad faith by not producing the production of requsted documents, and refuse to follow the Court Order for the disclosure of evidence by June 23, 2006. The Defendants have in fact refused to submit any type of evidence of any nature.

Defendants are elusive due to the fact they have in fact committed the crime of misprison of felony upon the Plaintiff.

Requested evidence will also prove that the Defendants have in fact committed the crime of **"misprison of felony"** in violation of statute of R.I.G.L. § **11-1-1. Common law offeneses not covered by statute.-** Every act and omission which is an offense at common law, and for which no punishment is prescribed by the general laws, may be prosecuted and punished as an offense at common law. Every person who shall be convicted of any offense which is a misdemeanor at common law shall be imprisoned for a term not exceeding one year or be fined not exceeding five hundred dollors ($500). Every person who shall be convicted of any offense which is a felony at common law shall be imprisoned for a term not exceeding five (5) years or be fined not exceeding five thousand dollors ($5,000).

**1. In General.**

Since this section makes every act which is an offense at common law punishable in Rhode Island, the legislature intended to preserve and not impair or abrogate the common law. **State v. LaPlume**, 118 R.I. 670, 375 A.2d 938 (1977).

The inherent power of the courts to punish for contempt of their authority is not controlled by this section. This section addresses offenses at common law for which General Laws do not prescribe punishment. This statute assured that a person who had committed an offense at common law could not evade prosecution and punishment because the offense had not been decleared a crime in the laws of the state. **State v. Price**, 672 A.2d 893 (R.I. 19-96).

3. **False Evidence.**

The willful misleading of a court by the production of false evidence may be prosecuted as a common law offense. **State v. Horton**, 47 R.I. 341, 133 A. 236 (1926).

5. **Misprison of Felony.**

Misprison of felony is an indictable offense. **State v. Flynn**, 100 R.I. 520, 217 A.2d 432 (1966), cert. denied, 101 R.I. 774, 225 A.2d 668 (1967).

6. **Conspiracy.**

As conspiracy was and still is an offense at common law, a defendant may be prosecuted for conspiracy under this section by indictment which alleged conspiracy and also referred to specific acts perpetrated in the course of the conspiracy which were separate substantive criminal offenses and were not mutually exclusive crimes and still satified the constitutional burden of reasonably apprising the defendant of the charges against him. **State v. Macarelli**, 118 R.I. 693, 375 A.2d 944 (1977).

The crime of conspiracy is the combination of two or more persons to commit an unlawful act or to do a lawful act for an unlawful purpose. **State v. Sabitoni,** 434 A.2d 1339 (R.I. 1981).

Rhode Island follows the common-law rule of conspiracy, which punishes the combination of two or more persons to commit an unlawful or a lawful act for an unlawful purpose. **State v. Brown**, 486 A.2d 595 (R.I. 1985).

"A conspiracy continues as lonng as its purposes have neither been abandoned nor accomplished". **State v. Brown**, 486 A.2d 595 (R.I. 1985).

Defendants have in fact remained elusive of any all attemps of the Plaintiff's request for disclosure, and request for production of pertinent documents. The Defendants letter to Plaintiff stated Plaintiff had to file proper motion for any documents. the Plaintiff file Motion For Requset For Production Of Documents that have still not been given to Plaintiff. The Defendants have not even honored the Pretrial Order, Order by the Honorable Jacob Hagopian, Senior United States Magistrate Judge, on the 23rd day of May, 2006, that order stated all facual disclosure must be in before June 23, 2006.

Defendants only waste the Plaintiff's time alnog with the Honorable Court. If there is nothing to hide, then Defendants in all actuality would have complied with the Federal Rules of Discovery, by given the Plaintiff the request discovery documents he file motion for, and honored the pretrial order from the Honorable Court.

**WHEREFORE** Plaintiff prays this Honorable Court Grant the Motion to Compel pursuant to **Rule 55(a), and Motion to Compel under Rule 37(a)five days after receiptof this service grant an order compelling Defendants to comply with Plaintiff's request for production of documents.**

**Dated:** July 3, 2006

**Respectfully submitted,**

Juan Evora

**Juan G. Evora, Pro se**
**Post Office Box 8274**
**Cranston, RI 02920**

Plaintiff, Pro Se
By Pro Se,

Juan G. Evora, Pro Se
Medium Security Facility #1
P.O. Box 8274
Cranston, Rhode Island 02920

CERTIFICATION OF SERVICE
[ 28 U.S.C. 1746 ]

The undersigned hereby certifies that on this, 3 day of July, 2006, he mailed a true copy of the within legal motions to Micheal B. Grant, Deputy Chief Legal Counsel, Rhode Island Department of Corrections, 40 Howard Avenue, Cranston, Rhode Island 02920, Bar No. 3864.

Juan G. Evora, Pro Se