UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN EVORA

v. C. A. NO. 06-094 S

A. T. WALL, et al

**DEFENDANTS' 56 (a) (1) STATEMENT OF UNDISPUTED FACTS**

1. Defendants Forgue, Baptista and Rose are all Investigators with the Special Investigations Unit at the Department of Corrections.
2. The Special Investigations Unit is charged with the duty of investigating alleged wrongdoing on the part of inmates.
3. Acting Chief Investigator Joseph Forgue, as well as Investigators Baptista and Rose, conducted an interview with the Plaintiff, took pictures and asked him questions about others involved in the altercation in question.
4. In October, 2005, pursuant to Baptista's duties as an investigator, Baptista conducted an interview with Plaintiff, Juan Evora and James Grilli concerning information that the two men were involved in an altercation.

4. As part of Baptista's interview with Inmate James Grilli, Baptista noticed numerous scratches and minor cuts on his body, which indicated to Baptista that he had been involved in an altercation.

5. Baptista cited his observations of Inmate Grilli in a report dated October 7, 2005.

6. Michael Frost is a Security Specialist with the Department of Corrections and is posted at the Medium Security facility, where the altercation occurred.

7. Mr. Frost's duties include periodic inspection of all cameras existing in the Medium Security facility to make sure they are operating properly and to maintain the cameras.

8. If requested, Mr. Frost will duplicate a recording made by any camera of a particular event in question. However, he would not do so upon his own initiative.

9. It is not Mr. Frost's duty to monitor any particular camera in order to evaluate events that may have occurred and was recorded.

10. Mr. Frost does not recollect anyone with the Department requesting that he duplicate the recordings of any events that took place and are subject to this civil action.

11. Michael Frost did not destroy any recording that depicted any involvement or activity of the plaintiff.

12. On October 22, 2005, Plaintiff was allowed a visit by "clergy member, Imam Abdul Hamid, the Imam for the State of Rhode Island."

13. Both Plaintiff and Inmate Grilli were disciplined as a result of their participation in a physical altercation. Both men were given a sanction of punitive segregation, the Plaintiff being required to serve fifteen (15) days in segregation and Inmate Grilli, twenty (20) days.

DEFENDANTS,
A. T. WALL,
By his Attorney,

Michael B. Grant
Deputy Chief Legal Counsel
R. I. Department of Corrections
40 Howard Avenue
Cranston, Rhode Island 02920

CERTIFICATION

The undersigned hereby certifies that on this, the 21st day of July, 2006, I mailed a true copy of the within Defendants A. T. Wall's Motion To Dismiss and accompanying Memorandum to Juan Evora at P.O. Box , Cranston, RO 02920.