UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUAN G. EVORA

V. C.A. No. 06 - 094 S

A.T. WALL, et al.

## Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the Court on the application of the *pro se* plaintiff, Juan G. Evora, for a temporary restraining order/preliminary injunction pursuant to Rule 65 of the Federal Rules Civil Procedure. See Fed. R. Civ. P. 65. Defendants filed an objection thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636 (b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the plaintiff's motion be denied.

## Discussion

Juan G. Evora filed a complaint and named as defendants numerous officials or employees at the Rhode Island Department of Corrections, alleging wrongs committed by the correctional officers and Department of Corrections' personnel. Plaintiff filed the instant motion for injunctive relief asserting that he has been removed from a rehabilitation program called "Spectrum." By way of the instant motion, plaintiff seeks an Order directing the Department of Corrections to place him back into the program. Defendants have objected contending that (1) plaintiff asked to be removed from the program for a one month period of time, and (2) in any event, the plaintiff has been placed back into the program.

As the party moving for injunctive relief, the plaintiff bears the burden to demonstrate (1)

the potential for immediate irreparable injury, (2) the likelihood of success on the merits of the case, (3) the relevant balance of hardships if the injunction does not issue, and (4) the effect of the public interest of a grant or denial of a motion. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991). A failure to demonstrate one of theses requirements requires a denial of the motion for preliminary injunctive relief.

As relief in the instant motion, plaintiff seeks to be returned to the Spectrum Program at the Department of Corrections. In their objection, and in an affidavit filed in support of their objection, defendants contend that the Plaintiff has, indeed, been returned to the program. Considering their objection and the affidavit filed in support of their objection, I find the plaintiff's motion for preliminary injunctive relief shall be denied as moot. Plaintiff has received the relief he requested.

**Conclusion**

Accordingly, for the reasons stated above, I recommend that the plaintiff's motion for temporary restraining order/preliminary injunction denied. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten days of its receipt. Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file timely, specific objections to the report constitutes waiver of both the right to review by the District Court and the right to appeal the District Court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. V. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
July 31, 2006