**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06-094 S**

**A.T. WALL, et al.**

**PLAINTIFF"S RESPONSE AND APPEAL OF**

**REPORT AND RECOMMENDATION OF**

**JACOB HAGOPIAN, SENIOR UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on response and appeal of the report and recommendation of Jacob Hagopian, Senior United States Magistrate Judge. Regarding the application of the Pro Se Plaintiff, Juan G. Evora, for a temporary restraining order/preliminary injunction pursuant to Rule 65 of the Federal Rules Civil Procedure.

**FACTS**

1. Carolyn Romano on the 18th day of July, 2006, had in fact committed an act of misrepresentation, and perjury upon legal documents, when she submitted the affidavit that was fabricated. Plaintiff never requested to leave the Spectrum Program, and the Counselor Fran (last name unknown) is a witness to this. Being that the Counselor Fran (last name unknown) was the one , who gave the oders in the form of a Hobson's choice, that Plaintiff take time out to litigate his civil action case before the Court, that he will start back in the same phase he took leave from, and that he would not be removed from single cell, that it will help him to litigate the litigation with due diligence, being Plain-

tiff will be fully able to devote all his time to the case before the Court.

2. Larry McDonald's letter states he had Plaintiff removed from the Spectrum Program, he is employed by the Defendants and Rhode Island DOC, which caused a conflict of interest, and shows the reprisal tactics at work. The removal of Plaintiff, Juan G. Evora from single cell caused a great burden upon Plaintiff. The Plaintiff was placed in a two man cell with a violent, schizophrenic, upon a top bunk, not able to utilized desk in cell to even write on, not able to utilize lights in cell, subjected to harm, and threats daily by the inmate Plaintiff was forced to live with in cell. The Superior Officers, Deputy, had all fully known of the harm Plaintiff was in. Plaintiff requested to be removed from the cell to no avail, the Defendants Deputy Kaszyk, Lt. Duffy, Captain Bannon, and other powers to be refused to allow the removal do to the reprisal tactics since the complaint before this Court has been served upon all Defendants.

3. Deputy Kaszyk stated he had me removed from the Spectrum Program, reason being, "he can do what he wants".

4. Plaintiff has in fact lost good-time that would have been earned if Plaintiff was never removed from Spectrum Program, this is a liberty violation of Plaintiff's rights. Plaintiff was told by the Rhode Island Parole Board to complete programs, good-time earned/or would of been earned is a liberty interest, also the money Plaintiff would of earned working in the Spectrum Program was denied to Plaintiff.

5. Plaintiff has completed the Spectrum Program on the 10th day of August, 2006, and is denied the Spectrum Certificate that the Rhode Island Parole Board requires Plaintiff to submit to the Rhode Island Parole Board. This would not be the case if the Powers to Be never removed Plaintiff from program. This is going to cause a liberty interest when Plaintiff goes before the Parole Board in September 2006. Being that completion of program was one on the Rhode Island Parole Boards recommemdation to Plaintiff.

6. Wherefore Plaintiff request a Court Order ordering the Defendants to give Plaintiff the Spectrum Certificate of Completion, being Plaintiff completed the Spectrum Program already.

7. The Defendants named in the Plaintiff's complaint before the Court still violating the Plaintiff's civil, legal, and Constitutional Rights, through their reprisal tactics, that have been submitted before the Court already.

8. Wherefore the Plaintiff avers that the matter is not at all moot. The reprisal tactics are still on going, and the Defendants utilize other inmates in their reprisal tactics also.

9. Wherefore the reasons stated within, Plaintiff prays the restraining order/ and or preliminary injunction be granted, and the order granting the Spectrum Certificate be given to Plaintiff that he has rightfully earned.

Respectfully submitted,

Juan G. Evora

Date: 8/10/06

Juan G. Evora ,Pro Se
P.O. Box 8274
Cranston, R.I. 02920

Plaintiff, Pro Se
By Pro Se,

Juan Evora
Juan G. Evora, Pro Se
Medium Security Facility #1
P.O. Box 8274
Cranston, Rhode Island 02920

CERTIFICATION OF SERVICE
[ 28 U.S.C. 1746 ]

The undersigned hereby certifies that on this, 10 day of August, 2006, he mailed a true copy of the within legal motions to Micheal B. Grant, Deputy Chief Legal Counsel, Rhode Island Department of Corrections, 40 Howard Avenue, Cranston, Rhode Island 02920, Bar No. 3864.

Juan Evora
Juan G. Evora, Pro Se