UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JUAN G. EVORA, PRO SE | * | |
| v. | * | C.A. No. 06-094 S |
| A.T. WALL, ET AL. | * | |

* * * * * * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE AND OBJECTION TO DEFENDANTS MOTION TO DISMISS, OR IN THE ALTERNATIVE TO SUMMARRY JUDGMENT**

Now come Plaintiff, Juan G. Evora, Pro Se, and hereby moves , pursuant to Federal Rule of Civil Procedure 12 (b)(6), to dismiss the instant motion to dismiss, or in the alternative for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, and Enter a Judgment by Default pursuant to Federal Rule of Civil Procedure 55, as and for the reasons proffered in the accompanying Memorandum of Law.

Plaintiff,
Pro Se Litigant,

Juan G. Evora
Pro Se Litigant
R.I. Department of Corrections
P.O. Box 8274
Cranston, Rhode Island 02920

**CERTIFICATION OF SERVICE**
[28 USC 1746]

The undersigned hereby certifies that on this, the 15 day of August, 2006, I mailed a true copy of the within Plaintiff's Response and Objection To Defendants Motion To Dismiss, Or In The Alternative To Summary Judgment, And Plaintiff's Entry of Default Judgment and accompanying Memorandum to only known attorney of record for Defendants that being Michael B. Grant, 40 Howard Ave. Cranston, R.I. 02920.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JUAN G. EVORA, PR SE | * | |
| v. | * | C.A. No. 06-094 S |
| A.T. WALL, ET AL. | * | |

* * * * * * * * * * * * * * * * *

## MEMORANDUM OF LAW

Plaintiff, who was at all pertinent times was a Rhode Island penal inmate, brings this action pursuant to 42 USC 1983, 28 USCA 1985 1331 and 1343(3), 42 USCS 1985, 18 USCS 241 and 242 against Defeandants who at all pertinent times had been employed by the Rhode Island Department of Corrections, A.T. Wall, Director of the Rhode Island Department of Corrections, appoximately 21 other members of its staff. Who under the color of state law committed the act of misprison of felony, individually and collectively, to cover up neglect of fellow staff of Rhode Island Department of Corrections, that allowed Plaintiff to be criminally prosecuted, and criminally assaulted (felony assault and battery R.I.G.L. 11-5-2 (c) (2) (3)).

The Defendants named in the Plaintiff's complaint did in fact conspire to cover up the crime of felony assault and battery R.I.G.L. 11-5-2(c)(2)(3), that led to the crime committed by the named Defendants in Plaintiff's complaint, that being misprison of felony, both federal and state laws have been violated, which violated R.I.G.L. 11-1-1.

## PRIMARY FACT AND CLAIMS

The Plaintiff's complaint avers that on the 7th day of October, 2005, the Plaintiff was attacked/assaulted from behind, the felony assault and battery that was covered up by named Defendants, **R.I.G.L. Felony assault.--(a)** Every person who shall make an assault or battery, or both, with a dangerous weapon, or with acid or other dangerous substance, or by fire, **or an assault or battery which results in serious bodily injury, shall be punished by imprisonment for not more than twenty (20) years...(c) "serious bodily injury"** means physical injury that: (1) Creates a substantial risk of death; **(2) Causes protracted loss or impairment of the function of any bodily part, member or organ; or (3) Causes serious permanent disfigurement or circumcises,** excises or infibulates the whole or any part of the labia majora or libia minora or clitoris of a person.

The felony assault and battery was committed by James Grilli that, the Plaintiff suffered **"serious bodily injuries"** from, that resulted, or would have been prevented, if the officers had not been in control centers, post unmanned, watching movies on personal televisions, in dereliction of duties, violation of the **R.I.G.L. 36-14-5, Code of Ethics for R.I. State Employees; DOC Policy 3.14-1** all have been violated by Defendants Bibeault, Cooper, and Tony Almeda(a.k.a. John Doe) of Medium Security. The Defendants neglect resulted in Plaintiff's Eighth Amendment Rights being violated, of the Plaintiff's State and Federal Constitutional Right, **to be protected from violent attacks.** Prison officials must take reasonable measures to protect prisoners from assault by other inmates. see **Smith v. Marcantonio,** 910 F. 2d 500

, 501 (8th Cir. 1990) (**"Stating that a prisoner's right to be protected from harm by other prisoners is indisputable"**); Prison officials have a duty under the Eighth and Fourteenth Amendments to protect prisoners from violance at the hands of other prisoners. see **Leonard v. Moran**, 611 F. 2d 397 (1st. Cir. 1979); Deliberate indifference to violent attacks, sexual assault and serious medical needs is actionable. **Leonard v. Moran**, 611 F. 2d 397 (1st. Cir. 1979); **Famer v. Brennan,** 511 U.S. 825, 834, 114 S. Ct. 1970, 1979, 128 L. Ed. 2d. 811 (1984); **Dace v. Solem**, 858 F. 2d 385, 388 (8th Cir. 1988) (**"The Constitution requires prison officials to protect prisoners from inmate attack while in custody."**); **If prison officials fail to protect prisoner from attacks at the hands of other prisoners they are held accountable. If they fail to do so, Courts may award damages to injured prisoners . see, e.g.. Wright v. Jones**, 907 F. 2d 848, 850, 852 (8th Cir. 1990); **Mayberry v. Walters**, 862 F. 2d 1040, 1041-42 (3d Cir. 1990 ); **Walsh v. Mellas**, 837 F. 2d 789, 791, 801-02 (7th Cir. 1988), cert. denied, 486 U.S. 1061 (1989); **Stokes v. Delcambre,** 710 F. 2d at 1124-28.

**VIOLATION OF THE EIGHTH AMENDMENT FOR FAILURE TO PROTECT PLAINTIFF AGAINST VIOLENT ATTACKS FROM OTHER PRISONERS OF THE INMATE POPULATION DUE TO NEGLECT OF POLICY**

The neglect of Defendants Bibeault, Cooper, and Tony Almeda (a.k.a. John Doe), and Captain Bannon, et al, that denied the Plaintiff protection from assault was violated by Defendants, by Defendants **"post being left unmanned" and "unattended" only to be in the control center "watching video movies on personal televisions"**, that is a violation of **DOC Policy 3.14-1 Code of Ethics,** that led to the following violations of the **Code of Ethics 3.14-1**

4. <u>Relationships with Offeders</u>

a. <u>Civil Rights of Offeders</u>

(1)Staff shall protect the civil and legal rights of each member of the offeder population.

6. <u>Examples of Misconduct Subject to Disciplinary Action</u>

a. <u>Conduct Unbecoming a Correctional Employee</u>

(2) Any activity which undermines the work or authority of the staff member or other staff members, brings discredit on the Department, compromises the Department's mission, or adversely affects the public trust.

(3) Abuse of position for personal gain or benefit.

b. <u>Tardiness, Absenteeism, and Abuse of Sick Leave</u>

(4) Leaving a post unattended without proper notification or relief.

(5) Departure from duty without authorization prior to the completion of a shift.

c. <u>Dereliction of Duty</u>

(2) Inattendtiveness, including but not limited to reading or writing while on security post unless the activity is job-related and authorized by a superior; excessive use of the telephone for personal calls; or creating a distraction for other employees which jeopardizes the security or order of Departmental operations.

(3) Failure to follow policies, procedures, protocols, and post orders.

(5) Carelessness, negligence, or poor performance overall.

g. Dishonesty

(2) Providing false or misleading statements or representations, either verbel or written, on any official forms, reports, logs, affidavits, or other documents.

MISREPRESENTATION AND MISPRISON OF FELONY

Investigators David Baptista and Linda Rose had both committed the crime of obstruction of justice, and, misprison of felony when they did in fact mitigate, and covered up the feloney assault and battery-"serious bodily injury" Rhode Island General Law 11-5-2(c)(2)(3), which led to the Defendants Baptista and Rose, et al, committing the crime of misprison of feloney Rhode Island General Law 11-1-1, which is an indictable offense.

INVESTIGATION OF FELONEY CRIME OF ASSAULT SERIOUS BODILY INJURY

Investigators David Baptista and Linda Rose had both been in dereliction/neglect of duties regarding the crime of assault and battery "serious bodily injury" R.I.G.L. 11-5-2(c)(2)(3) upon the Plaintiff, committed by James Grilli, due the neglect of Defendants named in complaint. Violating R.I.D.O.C. Policy: 3.14-1 DOC ; Code Of Ethics And Conduct, and Rhode Island General Laws;

II. Policy:

All employees must uphold and abide by the laws of the United States and the State of Rhode Island and all local ordinances. All employees must follow the Code of Ethics for Rhode Island State Employees R.I.G.L. 36-14-5, and all Department policies, rules, objectives, and orders. Such compliance includes, but is not limited to, adherence to specific rules and regulations enumerated in this policy. All employees are expected to carry out with diligence all lawful directive issued by superiors and

supervisors.

III. Procedures:

A. Statutory Requirements

All staff are to act at all times in conformity with R.I.G.L 36-14-1 which states, "It is the policy of the State of Rhode Island that public officials and employees must adhere to the highest standard of ethical conduct, respect the public trust and the rights of all persons, be open, accountable, and responsive, avoid the appearance of impropriety, and not use their position for private gain or advantage. (The Defendants conspired to cover up the feloney assault and battery "serious bodily injury", due to negelct of the staff, that led to misprison of feloney, when the cover up did infact lead to malicious prosecution of Plaintiff, and cover up of felony crime.) In addiction, all staff must abide by R.I.G.L. 36-14-5, the Code of Ethics for rhode Island State Employees.

a. Civil Rights of Offenders

(1) Staff shall protect the civil and legal rights of each member of the offender population.

Investigators Batista and Rose, Defendants violated Plaintiff's Constitutional Rights and Civil Rights, the Eighth Amend., Fourteenth Amend., Sixth Amend., and Fifth Amend. to the United States Constitution and Rhode Island Constitution, by fabricating reports to cover up for the fact officers other named Defendants were in dereliction of duties/neglect that allowed the crime of feloney assault and battery "serious bodily injury" to happen, that violated the Plaintiff's Eighth Amend. Right to be protected from violent attacks at the hands of other prisoners. see **Smith v**

**Marcantonio**, 910 F. 2d 500, 501 (8th Cir. 1990) (**"Stating that a prisoner's right to be protected from harm by other prisoners is indisputable"**); Prison officials have a duty under the Eighth and Fourteenth Amendments to protect prisoners from violance at the hands of other prisoners. see **Leonard v. Moran**, 611 F. 2d 397 (1 st. Cir. 1979).

c. **Dereliction of Duty**

(5) **Carelessness, negligence, or poor performance overall**.

Investigators rush to judgment by profiling Plaintiff, made the investigators Baptista and Rose, commit the greatest negligence, they did not review the two over-head video security surveillance cameras that recorded the module, actions of prisoners, and of staff, and recorded the felony assault and battery committed upon the Plaintiff, on the 7th day of October, 2005.

Plaintiff while being questioned at Stat Care Facility in violation of Plaintiff's Sixth Amend., Fifth Amend., and Fourteenth Amend., knowing that Plaintiff was to be criminally charged, the Defendants Baptista and Rose failed to inform Plaintiff he faced criminal prosecution. This is a due process violation in and of its self. Plaintiff did in fact inform the Defendants that he wanted them to review the video security surveillance tapes of F-Module in Medium Security #1 Right Side. The investigators did in fact fabricate reports to cover up the crime scene, cover up the offeicers neglect, which is a crime of misprison of feloney.

Mike Frost, Video Security Specialist destroyed criminal evidence, destruction of discovery, committed obstruction of justice, that leads to misprison of feloney. The evidence destroyed was tangible evidence exculpatory in nature. Plaintiff did in

fact request all evidence to be preserved.

Plaintiff's multiple letters requesting that video surveillance tapes from the two over-head cameras in F-Right Module in the Medium Security Facility be preserved, have already been submitted to the Defendants and Court in disclosure, in compliance with the pretrial order. Therefore the Plaintiff states that Mr. Frost has committed perjury, in the form of false affidavit that was submitted to the Court.

## III. INVESTIGATION

Investigators David Baptista and Linda Rose had both been in dereliction of duties regarding the crime of assault and battery upon Plaintiff. Violating R.I.D.O.C. Policy: 3.14-1 DOC; Code of Ethics And Conduct;

II. Policy:

A. All employees must uphold and abide by the laws of the United States and the State of Rhode Island and all local ordinances. All employees must follow the Code of Ethics for Rhode Island State Employees (R.I.G.L. 36-14-5, and all Department policies, rules, objectives, and orders. Such compliance includes , but is not limited to, adherence to specific rules and regulations enumerated in this policy. All employees are expected to carry out with diligence all lawful directive issued by superiors and supervisors.

III. Procedures:

A. Statutory Requirements

All staff are to act at all times in conformity with R.I.G.L. 36-14-1 which states, "It is the policy of the State of Rhode Island that public officials and employees must adhere to the

highest standard of ethical conduct, respect the public trust and the rights of all persons,be open, accountable,and responsive, avoid the appearance of impropriety,and not use their position for private gain or advantage.In addiction, all staff must abide by R.I.G.L. 36-14-5, the Code of Ethics for Rhode Island State Employees.

a. Civil Rights of Offenders

(1) Staff shall protect the civil and legal rights of each member of the offender population.

Investigators violated Plaintiff's civil rights by fabricating reports to cover up for the fact officers were in dereliction of duties.

c. Dereliction of Duty

(5) Carelessness, negligence, or poor performance overall.

Investigators rush to judgment by profiling Plaintiff. Made investigators commit the greatest negligence. They did not review the two over-head security surveillance cameras that record the Module actions of inmates and staff. Plaintiff while being question at Stat Care Facility in violation of his Sixth, Fifth, and Fourteenth Amendments. Had informed David Baptista and Linda Rose that he wanted them to review the video security tapes of F-Right Module. Plaintiff informed them (investigators) that he was just walking into his cell to put away literature and other religious books. When he was attacked from behind by unknown assailant. The assault and battery happened in cell-17 Plaintiff's assigned cell in F-Right Module and not E-Right Module as false reports state.

g. Dishonesty

(2) Providing false or misleading statements or representation, either verbal or written, on any official forms, reports, logs, affidavits, or other documents.

David Baptista, investigator filed report: Case No. 05-362 which is a fabricated report. The whole report. The whole report that being Module, Time of infraction, statement from Plaintiff, and mitigation of injuries and crime. Along with denial of Attorney call, and the right to speak to the State Police regarding the assault and battery. The crime of assault and battery proves dereliction of duty, that and no officers as witnesses.

Linda Rose, investigator supported the report of David Baptista. She also violated all of the same Code of Ethics, Laws, Constitutions as David Baptista.

a. Conduct Unbecoming a Correctional Employee

(1) Misconduct, on or off duty, which violates federal, state, or local criminal codes.

David Baptista and Linda Rose, both destroyed the crime scene, by direct orders from them "investigators" for the officer to trash everything in cell, and destruction of evidence (video security surveillance tapes (two of them) ). The same video surveillance that would show the crime of assault and battery, and the assailant in action. The crime of assault and battery that happen in F-Right Module cell-17. The same video surveillance will show the officers in dereliction of duties.

Mike Frost, video security specialist destroyed criminal evidence, destruction of discovery, and has committed obstruction of justice. Plaintiff can not honestly say willingly or not, only

that tangible evidence exculpatory in nature was destroyed. Plaintiff requested all evidence to be preserved.

Plaintiff's multiple letters requesting that the video surveillance tapes from the two over-head cameras be preserved, letters to A.T. Wall, Director, Walter Whitman, Warden, and Mr. Catlow, Director of Special Investigation Unit of the R.I.D.O.C.. All evidence that was tangible, and exculpatory in nature was destroyed by the Defendants.

Investigation

On the 12th day of October, 2005 Lt. Duffy was the investigating superior officer who read me the booking (charges), at no time did he inform me of my fifth amendment right, or that I may end up being charged criminally.

Lt. Duffy was in dereliction due to the fact, he went on David Baptista's investigation report. Based upon (SIU) report, that being David Baptista's report, Lt. Duffy found it to be a valid booking. In violation of due process of the fourteenth amendment.

This investigation violated Plaintiff's due process rights, that then lead to "substantive due process". Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race. see Lee v.-- Washington, 390 US 333, 19 L Ed 2d 1212, 88 S Ct. 994 (1968).

IV. Disciplinary Hearing

On the 14th day of October, 2005 Lt. Jankowski was the hearing officer of disciplinary board. Lisa Soderlund was the Rep. Counselor for Plaintiff. Based on report of the Investigator David Baptista, and Plaintiff's statement he acted in self-defense

defense. Asking questions to Plaintiff without informing the Plaintiff that he is facing criminal prosecution violated the Sixth, Fifth, and Fourtteenth Amendments of the United States Constitution.

Based on report of the investigator David Baptista, and the Plaintiff addmitting he acted in self-defense. Hearing officer Lt. Jankowski found Plaintiff to be guilty of "fist fight". There was no substantial evidence presented to prove a "fist fight", only David Baptista's report. In violation of of the Morris Rules as set forth in Morris v. Travisano, 499 F. Supp. 149 (D.R.I. 1980), and Morris v. Travisano, 310 F. Supp. 857 (D.R.I. 1970). Department of Corrections state Morris Rules no longer apply. The Honorable Robert W. Lovegreen, United States Magistrate Judge, in a letter dated July 15th, 2002, clearly states, "Insofar as the federal court is concerned, the 1980 version of the Morris Rules is the only rules currently in effect. The 1970 version has been replaced by the 1980 version. See the attached letters(Exhibit A and B)."

Defendants have in fact violated state and federal rules and laws. They violated State and Federal Constitutions. Plaintiff, Juan G. Evora was not allowed to prepare an adequate defense due to being confined in hospital, isolation, and segregation. Plaintiff was under mind altering medications, suffered from blurred vision, massive headaches, and duress. Plaintiff was denied exculpatory evidence Defendants had within their possession. In clear violation of Rule 16 of Discovery and Brady v. Maryland. Defendants had within their possession exculpatory evidence of the nature of video surveillance tapes of recorded crime and dereliction of the officers. Video surveillance of the crime scene and the Crime

being committed. The crime scene was in F-Right Module cell-17. Defendants did not have a substantive amount of evidence to keep Plaintiff in isolation and segregation, which denied Plaintiff his liberty. This clear violation of the due process of the Fourteenth Amendment. Violation of the Eighth Amendment when Defendants put the Plaintiff through cruel and unusual punishment placing Plaintiff in isolation and segregation. Keeping Plaintiff confined without substantive amount of evidence. see Morris v. Travisano, 499 F. Supp. 149, (D.R.I. 1980), Wolff v. McDonnell, 418 US 539, 41 L Ed 2d 935, 94 S Ct. 2963, Morrissey v. Brewer, 408 US 471, 489, 33 L Ed 2d 484, 92 S Ct. 2593 (1972), Haines v. Kerner, 404 U.S. 519, 530-21, 92 S. Ct. 594, 595-96, 30 L. Ed .2d 652, 654 (1972), (stating that prisoner should be allowed opportunity to offer proof unless it appears beyond doubt that prisoner can prove no facts to support his claim.), Pittsley v. Warish, 927 F 2d (1st Cir. 1991), Substantive due process, however, imposes limits on what State may do regardless of what procedural protection is provided. see Monroe v. Pape, 365 U.S. at 171-72, 81 S. Ct. at 475; Rochin v. California, 342 U.S. 165, 169, 72 S. Ct. 205, 208, 96 L. Ed. 183 (1952).

The right to present the testimony of impartial witnesses and real evidence to corroborate his version of the facts is particularly crucial to an accused inmate, who obviously faces a severe credibility problem when trying to disprove the charges of prison guard. see Clutchette v. Procunier, 497 F 2d 809, 818 (CA9 1974); ABA Commission on Correctional Facilities and Services, Survey of Prison Disciplinary Practices and Procedures 19 (1974) (here in after ABA Survey).

Lt. Jankowski based his findings of guilt upon the investigators report. The investigators report lacked substantial evidence. see Nicholson v. Moran, 835 F. Supp. 692 (D.R.I. 1993), 6. Prisons 13 (7.1) "Morris Rules" governing classification and discipline of inmates at Rhode Island Adult Correctional Institution require that there be substantial evidence in the record, whereas due process requires only that there be some evidence in the record. U.S.C.A. Const. Amend. 14..

Prison officials may, therefore, take resonable steps to discipline prisoners in accord with the dictates of constitutional due process, which requires, inta alia, that: all decisions be based on some evidence in the record: all decisions be by non-biased decision-makers; and there be right to state judicial review. A Correctional officer bringing evidence in that, will show another officer in dereliction of duties will be bias towards the inmate (plaintiff). Wolff v. McDonnell, 418 US 539, 41 L Ed 2d 935, 94 S Ct. 2963, (3) the inmate can ask questions of the charging party (not allowed to), (b) there must be "written statement by the factfinders as to the evidence relied on and reasons for [the disciplinary action]". Morrissey v. Brewer, Supra, at 489, 36 L Ed 2d 656. The inmate should be allowed to call witness and present documentary evidence (video security surveillance tapes) in his defense if permitting him to do so will not jeopardize institutional safety or correctional goals. (2) A prisoner is not wholly stripped of constitutional protections, and though prison disciplinary proceedings must be governed by a mutual accomodation between institutional needs and generally applicable constititional requirements.

**Constitutional Law 848- due process- prison disciplinary hearing- witnesses**

Under procedural due process, an inmate facing prison disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazadous to institutional safety or correctional goals.

Plaintiff being confined in hospital, isolation, and segregation. Denied Plaintiff access to witnesses. Defendants named in complaint destruction of evidence, denied Plaintiff to documentary evidence. Defendants also contaminated all evidence to cover up crime of assault and Battery, to cover up staff Defendants being neglect of duties, that lead Defendants to commit misprison of feloney, when Defendants cover up James Grilli's felony crime of assault serious bodily injury.

**DISMISSAL OF FAILURE TO PROTECT CLAIM REVERSED:**

**NO "SHOWING" NECESSARY TO SURVIVE RULE 12(b)(6) DISMISSAL**

The Seventh Circuit Court of Appeals reversed a district court's dismissal of a civil commitee's failure to protect and equal protection claims, for failure to state a claim under Fed. R. Civ. P. 12(b)(6). **Brown v. Budz,** 398 F. 3d 904 (7th Cir. 2005)

Plaintiff,
Pro Se Litigant,

Dated: 8/15/06

Juan G. Evora

Juan G. Evora
Pro Se Litigant
R.I. Department of Corrections
P.O. Box 8274
Cranston, Rhode Island 02920

Plaintiff, Pro Se
By Pro Se,

Juan G. Evora

Juan G. Evora, Pro Se
Medium Security Facility #1
P.O. Box 8274
Cranston, Rhode Island 02920

CERTIFICATION OF SERVICE
[ 28 U.S.C. 1746 ]

The undersigned hereby certifies that on this, 15 day of August, 2006, he mailed a true copy of the within legal motions to Micheal B. Grant, Deputy Chief Legal Counsel, Rhode Island Department of Corrections, 40 Howard Avenue, Cranston, Rhode Island 02920, Bar No. 3864.

Juan G. Evora

Juan G. Evora, Pro Se