**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**JUAN G. EVORA**

**v.** **C.A. No. 06-094 S**

**A.T. WALL, et al.**

RESPONSE TO REPORT AND RECOMMENDATION
AND OBJECTION TO REPORT AND RECOMMENDATION TO DISMISS
*****************************************************

Juan G. Evora ("Plaintiff"), a pro se inmate legally incarcerated at the Rhode Island Department of Corrections, filed an Amended Complaint pursuant to 42 U.S.C. 1983, 42 U.S.C. 1985 and 18 U.S.C. 241 and 242. Plaintiff named as defendants the State of Rhode Island, the Rhode Island Department of Corrections ("RIDOC"), and A.T. Wall, Director of RIDOC. Additionally, plaintiff named as defendants the following RIDOC officials or employees: Jake Gadsen, Walter Whitman, Kirk Kaszyk, Roy Hiltermann, Robert Catlow, Joseph Forgue, Captain Bannon, David Baptista, Linda Rose, Mike Frost, Lieutenant Duffy, Lieutenant Jankowski, Lisa Soderlund, C/O Bibeault, C/O Tony Doe, C/O Cooper, Joseph Marocco, and Nurse John Doe.

Currently before the Court is the Report And Recommendation of Magistrate Judge Hagopian in regards to the defendants motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgement pursuant to Fed. R. Civ. P. 56(c). Plaintiff has objected thereto. This matter has been referred to Magistrate Judge Hagopian pursuant to 28 U.S.C. 636(b)(1)(B) for a report and recommendation that recommended the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted. Magistrate Judge Hagopian did not reach the defendants' alternative motion for summary judgement.

Plaintiff first ask the Court to adhere to the Supreme Court case Haines v. Kerner, 404 U.S. 519 (1972). Which clearly acknowledges that pro se litigants and there complaints, motions, and pleadings are to be held to a less stringent standard than that of an attorney. Haines v. Kerner, 404 U.S. 519-520, 92 S.C.T. 594-595, 30 L. Ed. 2d 653.

Plaintiff respectfully wants the Court to acknowledge and have it docketed for the record of the Court. That the Civil Docket Sheet does not show Affidavits of the plaintiff's witnesses, criminal discovery package, investigation reports of RIDOC, Rhode Island Hospital reports, letters requesting video surveillance tapes, State Police reports.

Plaintiff's Constitutional Claims
********************************

1. FIRST AMENDMENT CLAIMS

The Plaintiff is a practicing Muslim of the Islamic faith and adheres to the Holy Qur'an and Sunnah of the Prophet Muhammad(p.b.u.h.) who was denied Friday (Jumuah) congrgational prayer services, denied the right to congregate during the Holy month of Ramadan with the other practicing Muslims (Ummah), fast with the brotherhood of Muslims (Ummah) in compliance with the Holy Qur'an and Allah's (God's) devine decree.

It is a religious requirement to read and study the whole of the Holy Qur'an during the most holiest month of the Islamic year that being Ramadan. Defendants prevented plaintiff from praying , and services, and had taken his Holy Qur'an. This was a direct violation of the First Amendment of the United States Constitution. Plaintiff's free exercise and freedom to practice (worship) was violated by defendants David Baptista, Linda Rose, Lieutenant Duffy, and Lieutenant Jankowski placing plaintiff in isolation then segregation which denied him First Amendment rights. This was done after the misrepresentation of reports by defendants Killier, Bibeault, Cooper, Tony Doe, Captain Bannon. Then upon denial of the appeal process committed by Whitman, Kaszyk, and Wall.

Plaintiff was denied clergy visit by Imam Abdul Hammeed, and Rev. Franklin Lobo while in segregation and isolation .

Plaintiff denied liberty in two forms:

(1) general minimal freedom afforded to general population.

(2) the good-time days taken in violation of due process which altered plaintiff's sentence, causing the plaintiff to remain incarcerated longer that caused a liberty constitutional violation.

The liberty violation covered and protected by the First and the Fourteenth Amendments was violated by defendants Captain Bannon, C/O Killier, David Baptista, Linda Rose, Lieutenant Duffy are held accountable for what set off the multiple violation of constitutional violations based upon misrepresented reports of investigation not at all supported by facts or evidence. It was this misrepresentation of investigation reports a clear act of misprison of felony that had the plaintiff placed in isolation and segregation violating his liberty protected under the First and Fourteenth Amendments.

At the disciplinary hearing board held by Lieutenant Jankowski, his finding of guilt based upon special investigation units mirepresented reports, when clear facts before the disciplinary board in the form of inmate Grilli statement to the board, clearly proved that plaintiff had not violated RIDOC rules, that it was transparent that plaintiff was attacked and acted in self-defense under the castle-doctrine, an exception to the retreat rule allowing the use of deadly force by a person who is protecting his or her home and its inhabitants from attack, esp. from a trespasser who intends to commit a felony or inflict serious bodily harm. Plaintiff was attacked while walking into his cell from behind by inmate Grilli, it was inmate Grilli who violated RIDOC rules and committed the crime of felony assault and battery serious bodily injury resulting. David Baptista, Linda Rose, Captain Bannon, Lieutenant Duffy, Mike Frost, Deputy Kaszyk, Deputy Hiltermann covered up the felony crime of assault and battery serious bodily injury resulting, thereby commmitting the act of misprison of felony that resulted in plaintiff liberty being taken. Support evidence has already been submitted to the Court in the form of the criminal discovery package, and State Police reports, Attorney General's reports.

Plaintiff's liberty was also deprived due to insanctions, and misrepresented reports that caused the Rhode island Parole Board to deny plaintiff parole which also caused liberty violation.

## 2. FIFTH AMENDMENT CLAIMS

Plaintiff has a United States Constitutional Right to be protected from self-incrimination. Defendants Deputy Kaszyk, Walter Whitman, Director Wall, David Baptista, Linda Rose, Liuetenant Duffy, and Lieutenant Jankowski all violated plaintiff's Fifth Amendment Right, when they did not inform plaintiff that he was to be criminally prosecuted for assault. This violated acts or declarations either as testimony at trial or prior to trial by which one implicates himself in a crime. The Fifth Amendment, U.S. Const., as well as provisions in many state constitutions and laws, prohibit the government from requiring a person to be a witness against himself involuntarily or to furnish evidence against himself. It is the burden of the goverment to accuse and carry the burden of proof of guilt. The defendant cannot be compelled to aid the government in this regards. see 18 U.S.C.A. 6001 et seq.

Defendants David Baptista and Linda Rose both questioned the plaintiff at Stat Care Medical Facility while not incoherent, caused compulsory self-incrimination, plaintiff was under mind altering drugs (over the counter medications). Any form of coercion, physical or psychological, which renders a confession of a crime or an admission involutary, is in violation of the Fifth Amendment, United states Constitution and due process clause of the Fourteenth Amendment. Such practices contravene the very basis of our criminal jurisprudence which is accusational not inquisitorial. Rodgers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed 2d 760. See Wolff v. McDonnell, 418 U.S. 539,536 (1974).

## 3. SIXTH AMENDMENT CLAIMS

Defendants David Baptista, Linda Rose, Lieutenant Duffy, and Captain Bannon violated plaintiff's Sixth Amendment Right to counsel knowing that the plaintiff was to be criminally prosecuted on assault charge, David Baptista and Linda Rose filed a complaint to the Rhode Island State Police, the Attorney General's Office did in fact attempt to prosecute the case. The plaintiff was not given protection under the Sixth Amendment and faced criminal proceedings. Defendants violated the United States Constitution when the defendants never informed plaintiff he had a cnstitutional right to an attorney

attorney. This very act is a violation of the Sixth and Fourteenth Amendmants of the United States Constitution.

AMENDMENT VI [1791]

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously assertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

Plaintiff's claim of Sixth Amendment violation is in fact supported by the criminal prosecution sought against him by the defendants David Baptista and Linda Rose all due to misrepresentation of investigation reports filed by David Baptista and Linda Rose to the Rhode Island State Police lead to the multiple violations of plaintiff's constitutional rights.

4. EIGHTH AMENDMENT CLAIMS

Plaintiff's claims is supported by the General Laws of Rhode Island (1956) Book 1. Constitutions, and the Constitution of The United States Amendment Eight:

4. Prison Conditions.

Prison officials have a duty under the Eighth and Fourteenth Amendments to protect prisoners from violence at the hands of other prisoners. Leonardo v. Moran, 611 F.2d 397 (1st. Cir. 1979).

Deliberate indifference to violent attacks, sexual assaults and seriuos medical needs is actionable. Leonardo v. Moran, 611 F. 2d 397 (1st. Cir. 1979).

Since all policies, practices and administrative procedures are set by and are under the control of the director (defendant Wall) of the department of corrections, and since he has set no policies (inforced the policies) to safeguard inmates against unconstitutional conduct on the part of his subordinates, he (defendant Wall) must be held responsible for the unconstitutional conduct of his sobordinates (defendants Bibeault, Cooper, Tony Doe). Ferola v. Moran, 622 F. supp. 814 (DRI 1985).

The Constitution requires prison and jail officials to provide "reasonable safety" for prisoners. Helling v. McKinney, U.S. 113 S.Ct. 2475, 2480 (1983), quoting Deshaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 200, 109 S.Ct. 998 (1989); Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985); LaReau v. Manson, 651 F.2d 96, 108 (2d Cir. 1981); Benjamin v. Malcolm, 564 F. Supp. 668, 672 (S.D.N.Y. 1983).

PROTECTION FROM INMATE ASSAULT

Prison official must take reasonable measures to protect prisoners from assault by other inmates. Defendants Bibeault, Cooper, and Tony Doe violated this protection by watching T.V./Movies in the control center which left post unsecured, that allowed the an inmate to be assaulted, that being the plaintiff. Farmer v. Brennan, U.S., 114 S.Ct. 1970, 1982-84 (1994); Goka v. Bobbitt, 862 F. 2d 646, 649 (7th Cir. 1988); Dace v. Solem, 858 F.2d 385, 388 (8th Cir. 1988); Stokes v. Delcambre, 710 F.2d 1120, 1124 (5th Cir. 1983); Fisher v. Koehler, 692 F. Supp. 1519, 1559 (S.D.N.Y. 1988), aff'd, 902 F.2d 2 (2d Cir. 1990) and cases cited.

RISK OF PRISONERS IN GENERAL

In such cases, lower courts have held that deliberate indifference may be shown by "a series of incidents closely related in time" or by "systematic deficiencies in staffing, facilities or procedures [that] make suffering inevitable... Fisher v. Koehler, 692 F. Supp. 1519, 1561 (S.D.N.Y. 1988), aff'd, 902 F.2d 2 (2d Cir. 1990) (citations omitted); accord, Villanto v. Dept. of Corrections of City of new York, 786 F.2d 516, 519 (2d Cir. 1986)(deliberate indiferrence may be shown by "knowing acquiescence in the unconstitutional behaviour of... subordinate,... persistently violat[ing] a statutory duty to inquire about such behaviour and to be responsible for preventing it,... failure to train or supervise... or an official acquiescence in the continued existence of prison conditions which, themselves, are so injurious to prisoners that they amount to a constitutional violation"); Gillard v. Owens, 718 F. Supp. 665, 687 (W.D. Tenn. 1989)("intentional and deliberate decisions and procedures [that do] not protect inmates' rights to personel safety" or "[s]ystematic deficiencies in facilities, procedures or staffing" can constitute deliberate indifference). The

defendants Bibeault, Cooper, and Tony Doe routine habit of not following RIDOC procedures by watching TV/Movies in control center not providing security is in fact inadequate staffing, and deliberate indifference.

Failure to provide adequate supervion of inmates. Berry v. City of Muskogee, 900 F.2d at 1479-98 (inadequate staffing, failure to lock inmates in at not) defendants Bibeault, Cooper, Tony Doe did not provide security and safety of the module where left the plaintiff open for the assault.; Ryan v. Burlington County, N.J. 889 F.2d at 1294 (inadequate staffing); Pool v. Mo. Dept. of Corrections and Human Resources, 883 F.2d 640, 645 (8th Cir. 1989) (inadequate supervision) Defendants Wall, Whitman, Kaszyk, Hiltermann, and Captain Bannon did not provide adequate supervision of staff, that has lead to the routine habit of practice of leaving the post to watch TV/Movies etc. in control center.; Vosburg v. Solem, 845 F.2d at 766-67 (limited guard coverage at night, guards stationed where they could not see into cells) defendants Bibeault, Cooper, Tony Doe being in control center post unmanned watching TV/Movies left them not able to watch the module and provide all inmate security and safety.; Martin v. White, 742 F.2d 469, 471 (8th Cir. 1984)(inadequate observation by staff) the defendants inadequate observation came into play when Bibeault, Cooper, and Tony Doe observation was directed to the TV/Movies in control center and not the security and safety of inmates and their assigned post.

Defendants Bibeault, Cooper, Tony Doe are negligent when they failed to exercise "reasonable" or "ordinary" care to protect plaintiff from the assault and battery serious bodily injury resulting. Negligence is generally considered easier to prove than deliberate indifference, since simple carelessness by prison personnel may establish negligence. Sometimes it is obvious what "ordinary care" means; for example, guards must pay attention to what is going on in front of them. Huertas v. State, 84 A.D. 2d 650, 444 N.Y.S. 2d 307, 309 (N.Y. App. Div. 1981)(finding staff negligent where the assailant had walked past five officers and a civilian with a two and a half foot iron bar under his apron; "with adequate and proper supervision by correctional officers reasonably attentive to

their duties", the assault could have been prevented); The named defendants had been watching TV/Movies in control center and not at assigned post, then fabracated/misrepresentation of reports to cover-up being in control center watching TV/Movies. If defendants never left assigned post the assault and battery serious bodily injury, and misprison of felony by conspiring to cover up Grilli's crime of felony assault. Nor did the defendants Bibeault, Cooper, Tony Doe, and Wall protect the plaintiff from violent attack which violated Eighth Amendment Protection Clause of the United States Constitution.

The very fact that defendant Bibeault left his assigned post unmanned to watch TV/Movies in the control center along with the other defendants Cooper and Tony Doe created the "deliberate indifference" to plaintiff's health and safety. The felony assault and battery serious bodily injury resulting would not have happen if defendant Bibeault had not left his post unmanned, this act of the defendant Bibeault, Cooper, and tony Doe allowed the plaintiff's constitutional rights to be violated, plaintiff had a constitutional right to be protected from cruel and unusual punishment. Defendant Bibeault also violated Code of Ethics of RIDOC, that clearly states the officer must protect the offender population of assaults at the hands of other inmates. Therefore the chain of events that transpired are a result of defendants Bibeault, Cooper, and Tony Doe watching TV/Movies in control center, and defendant Wall is accountable for not inforcing policies under R.I.G.L. 42-56-1 and 42-56-10.

Regarding the 100 hours in shackles plaintiff's claim is supported by the fact, defendants Bibeault, Cooper, and Tony Doe are at fault for not protecting the plaintiff from the attack that caused the injuries that lead to the 100 hours in shackles. It is a proven fact that the defendants Bibeault, Cooper, and Tony Doe are in the routine habit of practice of watching TV/Movies in control center and leaving post unmanned. This routine habit of practice allowed the felony assault and battery serious bodily injuries resulting, that lead to plaintiff being shackled for more then 100 hours. That caused the Eighth Amendment violation.

5. FOURTEENTH AMENDMENT CLAIMS

Plaintiff claims relief pursuant to Section 1983; plaintiff's claim of protection under the Fourteenth Amendment due process and equal protection rights have been violated in the following manner by defendants to be named within.

1. DUE PROCESS CLAUSE

The plaintiff's equal protection of the laws was violated by David Baptista, Linda Rose, Captain Bannon and Duffy when they all submitted reports of their investigation truly an act of misrepresentation. Plaintiff was denied due process clause when David Baptista and Linda Rose never informed plaintiff of the criminal prosecution he faced, that resulted in liberty violation of lost good time credits. Baptista, Rose, Bannon, and Duffy all questioned plaintiff in direct violation of his Fifth, Sixth, and Fourteenth Amendment Rights, when they never informed of the nature of the charge against the plaintiff, never allowed nor informed the plaintiff he had a right to counsel, and the right to make a complaint with the State Police of the criminal assault committed against him. "In all criminal prosecution all persons are guaranteed due process." Plaintiff was denied his due process.

In compliance with Morris Rules (Morris v. Travisono, 499 F. Supp. 149 (1980)) which are the governing rules of RIDOC, and are a mirror to Wolff Rules (Wolff v. McDonnell, 418 U.S. 539 (1974). Plaintiff is afforded minimal due process standards under the Morris Rules, "the only rules the Federal Court is aware of and recognizes, which is the 1980 version of the Morris Rules that govern the RIDOC. The defendants David Baptista, Linda Rose, Duffy, Jankoski, Whitman, Kaszyk, Hiltermann, and Wall refused to comply with the Morris Rules in prison disciplinary procedures that afforded the plaintiff his constitutional minimal due process. The Morris Rules set by Federal Court to protect inmates liberty, due process, and to govern the RIDOC by has been violated. The Morris Rules are aslso State Law and comply with R.I.G.L. 42-56-1 and 42-56-10. The plaintiff access his right to Federal Court under his constitutional claims under Morris Rules also.

Plaintiff was denied the right protected under the due process clause to produce evidence that proved his innocence. The video surveillence tapes exculpatory in nature was denied to the plaintiff at disciplinary hearing, and denied to the plaintiff on request of his public defender during his criminal prosecution. Plaintiff submitted written request to defendant Wall, Whitman, and Joseph Forgue, and verbal request at the disciplinary hearing requesting video surveillence tapes of F-Right Module of the infraction plaintiff was being charged criminally and internally for. And the plaintiif request all evidence and disciplinary proceedings be preserved. Plaintiff was denied to call witnesses, and to face his accuser against him. The witnesses that the public defender interviewed witnessed the plaintiff being attacked from behind walking into his cell. The very same witnesses that the plaintiff requested a the disciplinary hearing. It is clear that the plaintiff liberty was taken without minimal due process standard being granted to him at the disciplinary board in compliance with the Morris Rules.

PROTECTION UNDER THE FOURTEENTH AMENDMENT

Plaintiff was denied protection under the Fourteenth Amendment from violent attack, assault from the hands of other inmates. Prison officials have a duty under the Eighth and Fourteenth Amendments to protect prisoners from violence at the hands of other prisoners. Leonardo v. Moran, 611 F.2d 397 (1st. Cir. 1979). Deliberate indifference to violent attacks, sexual assaults and serious medical needs is actionable. Leonardo v. Moran, 611 F.2d 397 (1st. cir. 1979).

Plaintiff's equal protection clause was violated when defendants David Baptista, Lind Rose, Hiltermann, Kaszyk clearly profiled plaintiff as a "Muslim" causing the assault or committing it. Investigation reports state the fault was upon plaintiff inviting Grilli into his cell and swing on upon him (Grilli). When exculpatory evidence proved the reports to be misrepresented/fabricated, and the fact that witnesses excupatory in nature testified to the fact in statements of affidavits submitted to the Court, and to the Public Defenders Investigators.

UNDER THE CLAIM OF 42 U.S.C. 1985

Defendants Mike Frost, David Baptista, Linda Rose, Bannon, Killier, Bibeault, Cooper, Tony Doe, Wall, Kaszyk, Hiltermann, Whitman, and Jankowski committed misprison of felony of a assault and battery serious bodily injury resulting, when they conspired to destroy the crime scene evidence, and video surveillence tapes of the crime being committed, tape of disciplinary hearing hearing. This in fact violated 18 U.S.C. 241 and 242; 241 Conspiracy against rights, 242 Deprivation of rights under the color of law..

STATE LAW CLAIMS

The defendants Bibeault, Cooper, Tony Doe, Killier, Bannon, Duffy, David Baptista, Linda Rose committed misprison of felony which violates Rhode Island General Law 11-1-1 when they conspired to cover-up the feloney assault and battery serious bodily injury resulting committed by inmate Grilli. Defendant Mike Frost part in the conspiracy was his act of destroying the requested video surveillence tapes of F-Right Module Medium Moran Facility of October 7th, 2005. The defendants then conspired to change the module the plaintiff was housed in, where the crime against plaintiff was committed. The reports by David Baptista and Linda Rose changed the place the crime was committed, C/O Killier's reports stated that the infraction was committed on his shift, only to cover-up for defendants Bibeault, Cooper, and Tony Doe. Investigation reports submitted to the Rhode Island State Police and Attorney General's Office had been misrepresentation and lead to criminal prosecution of plaintiff due to defendants David Baptista and Linda Rose's act of misprison of felony. This conspiracy was a result to cover-up for the defendant Bibeault not being at his assigned post, that his violation of prison policy to not leave his post unmanned and to protect provide security and safety of prisoners lead to the Eighth Amendment violation of plaintiff. When the plaintiff was subjected to cruel and unusual punishment by the violent attack upon him. By the named defendants misrepresentation of offical reports to cover-up Bibeaults unmanned post, and Grilli's crime does invoke 18 U.S.C. 241 and 242 under 42 U.S.C. 1985. The misrepresentation of the reports of plaintiff's assault and battery serious bodily injury resulting was a cover-up, the mass cover

only could be done by grand conspiracy. Documents denied in request for production of documents by Magistrate Judge Hagopian would have proved just this. Documents submitted to the Court in Pre-Trial discovery, discovery package, complaint package from Public Defender, Attorney General's Compliant package, State Police Reports, RIDOC log books, RIDOC disciplinary tape recording, RIDOC video surveillence tapes, and plaintiff's letter requesting the defendant Wall to preserve all evidence. The destruction and denial is in fact a cover-up (conspiracy) and deial of plaintiff civil and legal rights. The within named Constitutional violations.

WHEREFORE the plaintiff, Juan G. Evora, Pro Se, prays the Honorable Court accepts the objection to the report and recommendation, and allows the plaintiff to prove all his claims at a trail.

Plaintiff, Pro Se

Juan G. Evora, Pro Se
Medium Moran Facility #1
P.O. Box 8274
Cranston, R.I. 02920

CERTIFICATION OF SERVICE
[28 U.S.C. 1746]

The undersigned hereby certifies that on this, 6th day of March, 2007, he mailed a true copy of the within objection of the report and recommendation that he received on the 1st day of March, 2007, to michael B. Grant, Deputy Chief Legal Counsel, Rhode Island Department of Correction, 40 Howard Avenue, Cranston, Rhode Island 02920.

Juan G. Evora, Pro Se